S. A. SPARKS v. C. H. HOLLAND

and

J. W. PARDUE v. C. H. HOLLAND.

(Filed 18 March, 1936.)

1. **Appeal and Error G c—**

Exceptions not discussed in briefs are deemed abandoned. Rule 28.

2. **Jury A d—Court may allow counsel to ask prospective jurors if they are connected with insurance company when inquiry is in good faith.**

The court has discretionary power, upon its finding that the inquiry is in good faith, to allow plaintiff's counsel to ask prospective jurors if they have any business connections with a certain insurance company, it having been made to appear to the court that defendant's car, involved in the collision in suit, was insured by such company, and an exception to the court's allowing such inquiry is untenable.

3. **Damages H a—Allegation held sufficient to support evidence of hospital expenses.**

The complaint alleged that as the proximate result of defendant's negligence in driving his automobile, plaintiff suffered damages in a large sum. *Held:* The allegation was sufficiently broad to permit plaintiff to introduce in evidence, as an element of damage, the amount of the hospital bills paid by plaintiff, defendant's remedy, if the complaint failed to sufficiently disclose the nature of plaintiff's injuries, being by motion to make the complaint more definite and certain, C. S., 537, or by motion for a bill of particulars, C. S., 534.

4. **Trial E f—**

A misstatement of the contentions of a party must be brought to the court's attention in time to afford opportunity for correction in order for an exception based thereon to be considered on appeal.

5. **Negligence D d—Charge held to sufficiently instruct the jury on question of proximate cause.**

Defendant excepted to an excerpt from the charge instructing the jury that if they found from the greater weight of the evidence that plaintiff

23—209

was injured by the negligence of defendant they should answer the issue in the affirmative, defendant contending that the excerpt was erroneous for failing to make reference to proximate cause. It appeared that in the preceding portion of the charge the court defined proximate cause and correctly stated the burden of proof. *Held:* Defendant's exception is untenable, the charge being construed as a whole, and the excerpt complained of not being in conflict with the preceding portions of the charge.

6. **Trial E g—**

The court's charge to the jury will be construed contextually as a whole.

APPEAL by the defendant from *Phillips, J.,* at November Term, 1935, of WILKES. No error.

These are civil actions, consolidated by consent for the purpose of trial, wherein it is alleged by the respective plaintiffs that they were gratuitous guests in an automobile owned and driven by the defendant, and that they were injured when said automobile collided with another automobile driven by one Sherman Anderson. It is further alleged that at the time of the collision the defendant was unlawfully and negligently driving his automobile on his left side of the road, and that the injury to the plaintiffs was proximately caused by such negligence. The allegations of negligence were denied by the defendant. Evidence tending to establish the contentions of both parties was offered. The jury found that the plaintiffs had been injured by the negligence of the defendant, as alleged in the complaint, and assessed damages.

From judgments based upon the verdict, the defendant appealed to the Supreme Court, assigning errors.

*J. M. Brown and Bowie & Bowie for plaintiffs, appellees.*
*T. E. Bingham and Trivette & Holshouser for defendant, appellant.*

SCHENCK, J. We will consider the several assignments of error brought forward in the appellant's brief in the order in which they are there presented. The other assignments in the record which are not mentioned in the brief are deemed to be waived. Rule No. 28 of Rules of Practice in the Supreme Court, 200 N. C., 811 (831).

The first assignment of error is to the court's permitting counsel for the plaintiff to inquire of the jurors being selected if they had any business connection with the American Casualty Company. The following appears in the record:

"The court, not in the presence of the jury, and at the insistence and request of the plaintiffs' counsel, inquired of the defendant's counsel if the defendant was insured by the American Casualty Company, whereupon the defendant's counsel declined to answer, and plaintiffs' counsel stated to the court, in the presence of the defendant's counsel, that the

plaintiffs' counsel had been in several conferences with the defendant's counsel and a representative of the American Casualty Company with reference to the suit, which statement was not denied by the defendant's counsel; whereupon, the court found as a fact that the plaintiffs' inquiry was in good faith, and permitted the plaintiffs' counsel in the exercise of the discretion of the court to question the jury as to whether any of the jurors had an interest as agent or otherwise in the American Casualty Company, which finding of fact and inquiry addressed to the defendant's counsel were not made in the hearing of the jury."

The court having found as a fact that the plaintiffs' inquiry was in good faith, and having permitting the questions as to whether the jurors being selected had any interest as agent or otherwise in the American Casualty Company in its sound discretion, this assignment of error is untenable. *Walters v. Lumber Co.,* 165 N. C., 388, and cases there cited. "As to whether the question (relative to any connection the prospective jurors might have to an indemnity company) is asked in good faith, or as to whether the adverse party has been prejudiced by the inquiry addressed to the jurors, before the jury is impaneled, must be left to the trial judge to determine in his discretion." *Fulcher v. Lumber Co.,* 191 N. C., 408.

The third assignment of error is to the court's permitting the plaintiff Pardue to testify as to the amount of the hospital bills paid by him when there was no specific allegation in the complaint as to such bills. The complaint alleges "that by reason of the carelessness and negligence of the defendant, which was the proximate and sole cause of the plaintiffs' injury, . . . the plaintiff has been damaged in the sum of $3,500." A liberal interpretation of this allegation would permit the proof of hospital bills paid in connection with the injuries complained of, since "in this class of cases the plaintiff is entitled to recover as damages one compensation for injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor, or capacity to earn money." *Wallace v. Western Railroad Company,* 104 N. C., 442. If the precise nature of the plaintiffs' injury and damage was not apparent it was open to the defendant to have moved the court to make the complaint more definite and certain, C. S., 537, or, if the defendant so desired, to have asked for a bill of particulars, C. S., 534. It would further seem that the maxim *"de minimis non curat lex"* is here applicable, since the judgment was for $1,500, and the plaintiff's testimony relative to his hospital bill was, "It wasn't so much. I would say ten or fifteen dollars, somewhere along there."

SPARKS *v.* HOLLAND AND PARDUE *v.* HOLLAND.

The eighteenth assignment of error is to a portion of the charge, as follows: "The plaintiff further contends, gentlemen of the jury, that when you answer the first issue 'Yes,' that there being no dispute about the fact that the defendant was operating his automobile in violation of the law and that the automobile being so operated was the proximate cause of the injury and damage to the plaintiff, that your answer to the second issue in each case should be a large amount."

The defendant says in his brief: "We do not think from a perusal of the record it will be found anywhere that the defendant admitted that he was driving in violation of the law, his contention being that this was a country road with only one track traveled by all cars during the season of the year in which the accident occurred." The court was stating the contentions and "we have so often said that the statement of contentions must, if deemed objectionable, be excepted to promptly, or in due and proper time, so that, if erroneously stated, they may be corrected by the court. If this is not done, any objection in that respect will be considered as waived." *S. v. Sinodis,* 189 N. C., 565, and cases there cited. The defendant failed to except to the statement of the contentions or to call the court's attention to any error therein, and thereby waived any objections thereto.

The thirteenth assignment of error is to a portion of the charge, as follows: "Now, gentlemen of the jury, if you find from the evidence and by its greater weight in this case that the plaintiff in each of these cases was injured by the negligence of the defendant, in each case you would answer the first issue 'Yes,' that is, in the 'Sparks case' and also in the 'Pardue case,' you would answer the issue 'Yes.' "

The defendant argues that the foregoing instruction is erroneous for that it fails to make any reference to proximate cause. However, when the excerpt is read in connection with the portion of the charge immediately preceding it, wherein the court in defining actionable negligence to the jury said: "It must appear that such negligent breach of duty was the proximate cause of the injury—a proximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts and circumstances as they existed," it is manifest that the jury were clearly instructed as to the burden of the plaintiff to establish that the defendant's negligence was the proximate cause of his injury. The instruction complained of is not in conflict with the instructions that preceded it, even if not as elaborate. The charge must be considered contextually as a whole and not disjointedly. *Marriner v. Mizzelle,* 207 N. C., 34.

No error.