## J. M. EDGERTON v. R. D. JOHNSON.

(Filed 20 March, 1940.)

**1. Appeal and Error § 6e—**

Where a witness' answer is not responsive to the question or where he testifies to facts not necessary to answer the question, it is incumbent upon the adverse party to move to strike out the answer.

**2. Appeal and Error § 39d—**

An exception to the admission of evidence becomes immaterial when the excepting party himself introduces evidence of the same import.

**3. Sales § 29—Where article is totally worthless for purpose for which it is sold, purchaser may recover price paid irrespective of warranties.**

Plaintiff instituted this action to recover the balance due on the purchase price of a tractor sold to defendant, and took possession of the tractor in claim and delivery. Defendant admitted that plaintiff was the owner and entitled to possession of the tractor and filed counterclaim to recover the part of the purchase price paid, and introduced evidence that plaintiff knew the tractor was to be used by defendant in logging operations and that the tractor was totally worthless for this purpose. Plaintiff relied upon the written conditions of the contract that retention of possession or continued use should constitute an acceptance and satisfaction of warranty, and defendant contended and testified to facts tending to show that this provision was waived. *Held:* The conflicting evidence as to whether the tractor was worthless for the purpose sold was properly submitted to the jury and the verdict in favor of defendant on his counterclaim is upheld, the principle that the written contract between the parties as to warranties and representations cannot be varied by oral testimony not being applicable.

APPEAL by plaintiff from *Bone, J.,* at October Term, 1939, of WAYNE. No error.

This is a civil action brought in the county court of Wayne County for the recovery of certain personal property, in which action the defendant filed a counterclaim for damages for breach of warranty. From a judgment in favor of the plaintiff in the county court the defendant appealed to the Superior Court. From a verdict and judgment in the Superior Court in favor of the defendant on the counterclaim for $385.00 and interest from 5 July, 1939, the plaintiff excepted and assigned error and appealed to the Supreme Court.

The plaintiff sold to defendant a McCormick-Deering tractor. The contract is as follows: "Order for Goods. To J. M. Edgerton, Goldsboro, N. C. I hereby order of you the following goods: No. 1. Size and Description: F/20 tractor with 5″ spade lugs—Price $1085.00. Finance $25.64—total $1110.64. By 2 mules $200.00—$910.64, by

Cash payment $185.00—total $725.64. I am retaining a copy of this order which, together with the warranty and agreement on the back hereof, is understood to be our entire contract. (signed) R. D. Johnson, 7/5/37."

"Accepted 7/5/37 By (signed) J. M. Edgerton."

Warranty and Agreement (appearing on back of order): "The purchaser agrees to give each machine a fair trial as soon as possible after receiving and within two days after the first use. If it then fails to work properly and prompt notice is given, the Seller will send a man within a reasonable time to put it in order, the Purchaser agreeing to render friendly assistance. If it still fails to work properly and the Purchaser promptly returns it to the Seller at the place where delivered, the Seller will refund the amount paid, which shall constitute a settlement in full. Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty and further assistance rendered the Purchaser shall not be considered a waiver of this provision. The Purchaser agrees to pay the expense of remedying any trouble due to improper handling. No agent of the Seller has authority to alter, add to or waive the above warranties, which are agreed to be the only warranties, given in lieu of all implied warranties."

Defendant gave a promissory note for $725.64 and a chattel mortgage on the tractor. The papers are dated 5 July, 1937. By the terms of the papers payments were due each month at the rate of $60.47 a month. Plaintiff took out claim and delivery on 23 March, 1938. Defendant made none of the payments provided for in the note and agreement. Plaintiff sued for the balance due on the sale—$725.64—and took out claim and delivery for the tractor under the chattel mortgage. Defendant gave no replevin bond.

Defendant, in answer denied the material allegations of plaintiff's complaint and says: "Further answering said paragraph the defendant alleges that the plaintiff warranted and guaranteed that the said tractor was suitable and efficient for the purpose of hauling logs and timber in connection with the logging operations in which the defendant was engaged; that said tractor was not at any time fit or suitable for the purpose of handling and hauling logs and timber and therefore was a complete and total failure of consideration and breach of warranty on the part of the plaintiff resulting in great loss and damage to the defendant. . . . That the said tractor is of no value to him for the purpose for which it was guaranteed, but the plaintiff having alleged the value to be $725.64, then the defendant could not in any event be indebted to the plaintiff in any sum."

Defendant in his further answer, by way of cross action and counterclaim, says, in part: "(a) That the plaintiff solicited the defendant to

purchase a certain McCormick-Deering tractor guaranteeing and warranting the said tractor to be in all respects suitable for hauling logs and timber from the woods to the defendant's sawmill, stating to the defendant that if said tractor was not in all respects suitable and satisfactory for the defendant's purpose that he would refund to the defendant the cash payment and would cancel the note which the defendant executed; that said representations and guarantees were made at the time of and simultaneously with the payment of a part of the purchase price and the execution of the note described in the complaint for the balance thereof. (b) That the said tractor was not at any time suitable and satisfactory for the purpose for which the defendant was induced to buy the same and the defendant made repeated complaint to the plaintiff as to the trouble that he was having with said tractor and the difficulty in operating the same; that the plaintiff caused a mechanic to attempt to adjust said tractor and as a result of the defective condition of the same the said tractor caused the death of the defendant's son, who was one of his employees engaged in said logging operations. (c) By reason of the defective condition of said tractor the plaintiff is entitled to recover of the defendant the sum of $385.00 paid on the purchase price and have the note sued on in the complaint canceled and surrendered."

Demand was made by defendant against plaintiff for judgment for $385.00 and interest from 5 July, 1937. Plaintiff in reply denied that he owed defendant anything.

The issue submitted to the jury and their answer thereto were as follows: "What amount, if any, is the defendant entitled to recover of the plaintiff on his counterclaim? Ans.: '$385.00, with interest from July 5, 1937.'" The court rendered judgment on the verdict. The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Royall, Gosney & Smith for plaintiff.*
*Abell & Shepard for defendant.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of all the evidence, the plaintiff made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below refused the motions and in this we can see no error.

In the record is the following: "The plaintiff announced in open court that the only thing he was seeking to recover was the cost of the action and the defendant admitted in open court that the plaintiff was the owner and entitled to the possession of the tractor described in the complaint."

EDGERTON v. JOHNSON.

"The issue tendered by plaintiff was: 'Is plaintiff the owner and entitled to possession of the tractor described in the complaint?' The court declined to submit the issue tendered by the plaintiff because of defendant's admission in open court that the plaintiff was the owner and entitled to the immediate possession of the tractor." The court below submitted the issue set out in the record, which was answered in favor of defendant.

The plaintiff contends that the written contract between the parties as to warranties and representations cannot be varied by oral testimony. This principle is not applicable on the present record. Plaintiff introduced the written "warranty and agreement" and in his testimony stated on cross-examination: "I sold him the tractor for use in logging operations and understood he was going to use it in logging."

In *Willis v. New Bern,* 191 N. C., 507 (514), is the following: "The rule is that if evidence offered by one party is objected to by the adverse party and thereafter the objecting party elicits the same evidence, the benefit of the objection is lost, and further, if on cross-examination evidence is developed without objection, the adverse party can offer evidence in reply relating to the same questions, even though such evidence in reply might have been incompetent in the first instance." *Bryant v. Reedy,* 214 N. C., 748 (754).

It seems that this answer was more than necessary to the question asked plaintiff and there should have been a motion to strike.

In *Keller v. Furniture Co.,* 199 N. C., 413 (416), is the following: "If a witness gives an answer which is not responsive to a question, the proper course is a motion to strike out the answer or to instruct the jury to disregard it. *Hodges v. Wilson,* 165 N. C., 323; *Godfrey v. Power Co.,* 190 N. C., 24 (31)."

The plaintiff introduced similar evidence showing he knew the tractor was to be used in logging and was sold for that purpose.

Max Stapps, a witness for plaintiff, testified, in part: "I put a tractor hitch on the tractor. It is something to hitch a long cart to, not a trailer. Mr. Johnson gave me the order to do that. . . . They wanted the trailer hitch exactly level with the back seat in order to make a right straight pull with the log cart. That tractor hitch is made for hitching a long cart tongue."

R. G. Batson, witness for plaintiff, testified, in part: "Q. Have you observed the use of this type of tractor in logging operations? Ans.: Yes, sir, I have demonstrated to several. . . . I am familiar with the method or use of these tractors in connection with pulling logs. We use this tractor for hauling logs. . . . The logs are under the tongue of the cart and the logs that hang under this tongue are about a foot of the ground and keep the tractor from turning over as long as they are

hitched in the tongue. . . . I took this tractor down there. I explained to the people at Mr. Johnson's place the operation of it. I don't think Mr. Johnson was there. That was on Saturday when I carried the tractor down. . . . I operated the tractor. It didn't do so good on pulling the log because we had it down a hill. We didn't have a cart where the hitch was put on to pull, we were just snaking logs. . . . I took it and made a couple of loads with it down to the woods and it operated all right, in other words, it didn't rear up. I asked them if that was the load they usually carried and they said, 'Yes.' I put the tongue in. I told them not to put nothing on top of there but that tongue to the log wagon. With the tongue in there when I was there it operated all right. There was plenty of power."

All of the above evidence of plaintiff indicates that the tractor was sold to be used in logging. It is well settled that an objection to evidence is immaterial where the same evidence is later admitted without objection. In this case the plaintiff introduced evidence that the tractor was to be used in logging. The case was tried on the theory that the tractor was for use in logging.

It was contended by plaintiff that in the contract was the following: "Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty." Defendant contended that this provision was waived and testified: "Q. When was the conversation with Mr. Edgerton in which he told you what to do with the tractor? Ans.: The next week I and my daughter came here and drove to his place of business and talked with him about it and he told me what to do. Q. Did you comply with his instructions? Ans.: Yes, sir. Mr. Edgerton never made any request or demand upon me for any payment on this tractor. . . . Q. What, if anything, occurred between you and Mr. Edgerton with reference to a refund of all your money? Ans.: I told him I wanted him to take the tractor back and give me my money. He said where would he put it. I told him anywhere and he said roll it up in the yard until the Insurance Company settles their part. He never refunded my money."

We think this evidence sufficient to be submitted to the jury on the question that there was no breach of warranty, on this aspect. The defendant testified, in part: "Q. Did you state to Mr. Edgerton the purpose for which the tractor was being purchased? Ans.: I told him I was purchasing it for use in the lumber and logging business. I bought the tractor for $1,085.00, paying $385.00 cash. . . . Q. After the tractor was left there with you state whether or not you gave the tractor a trial and within two days? Ans.: We started hauling that morning and messed with it all day until about 3:00 or 3:30. It wouldn't pull, would rear up and draw-bar would drag the ground. I

went to Dixon's to a little store and called Mr. Edgerton, that was Monday, and on Tuesday he sent the mechanic about 4:00 or 5:00 o'clock; they went to the woods, got a load of logs—it wouldn't pull with them, reared up and the draw-bar dragged the ground." There was evidence on the part of defendant that he gave the tractor a fair trial.

There was evidence, *pro* and *con,* whether the tractor "failed to work properly," all of this was left to the jury under proper instruction. The amount due ($385.00) was fully sustained by the evidence.

After reading with care the record and briefs of the able counsel, we can see no prejudicial error of the court below in the admission and exclusion of testimony during the trial or in the charge of the court below. The court below gave the law applicable to the facts clearly and accurately. The controversy was one mostly of fact, which was decided in favor of defendant. In the judgment of the court below, we find no prejudicial or reversible error.

No error.