W. B. GATLIN, JR., v. JOSEPH L. PARSONS, JR., ORIGINAL DEFENDANT AND LELAND GLENN GOSS AND CAROLINA COACH COMPANY, ADDITIONAL DEFENDANTS.

(Filed 15 June 1962.)

1. **Automobiles §§ 41c, 44—**

   Evidence that defendant lost control of his vehicle, skidded to the left, and crashed head-on into plaintiff's vehicle, which was approaching from the opposite direction on its right side of the highway, *is held* sufficient to be submitted to the jury on the question of defendant's negligence and is insufficient to raise the issue of contributory negligence on the part of plaintiff.

2. **Evidence § 44—**

   It is competent to ask a physician who had examined plaintiff, particularly scars and depressed areas on plaintiff's forehead, etc., whether the headaches which plaintiff testified he habitually suffered could be the result of the injuries, and if a part of the testimony is not responsive to the question, defendant waives the right to object thereto by not moving to strike the unresponsive part of the answer.

3. **Automobiles § 43;    Damages § 7;    Negligence § 8—**

   Where the evidence discloses that plaintiff's car and the car of one of defendants collided head-on, that then plaintiff's car was struck from the rear by a bus driven by the additional defendant, and that the second collision resulted in some damage to plaintiff's car but did not contribute to plaintiff's personal injuries, with some evidence that the bus was following plaintiff's vehicle too closely, the question of the liability of the bus driver and the bus company is properly submitted to the jury, but is properly limited to contribution for the damages to plaintiff's car.

APPEAL by defendants from *Olive, J.*, November 6, 1961 Civil Term High Point Division, GUILFORD Superior Court.

This civil action was instituted by W. B. Gatlin, Jr., to recover for his personal injury and damage to his automobile resulting from a

head-on collision between a 1952 Ford operated by the plaintiff and a 1956 Ford operated by the defendant Joseph L. Parsons, Jr. The collision occurred about 7:45 on the morning of December 31, 1960, on Highway No. 68, a short distance west of the Deep River bridge within the corporate limits of High Point. The temperature was near freezing. There was some fog near the river.

, As the parties approached the scene of the collision the plaintiff was driving east and the defendant was driving west. The point of collision, according to all the evidence, was in the south travel lane 150 to 400 feet west of the bridge. For several hundred yards both east and west of the bridge the road was straight. The decline to the bridge was gradual.

The defendant Parsons passed a pickup truck about 50 feet east of the bridge. At the time, Parsons was driving, according to his evidence, about 35 miles per hour; according to the truck driver, 40-50 miles per hour, and according to the defendant Goss, 55-60 miles per hour.

As the plaintiff approached the Deep River bridge from the west he was driving in the south lane at 25-30 miles per hour. He was followed by the Carolina Coach Company bus driven by Leland Glenn Goss. The bus carried a tape recording device which the investigating officer examined and found the speed prior to the collision to have been 30-32 miles per hour, which corroborated the statements made to the officer by both Goss and the plaintiff.

According to all the evidence, the defendant's Ford, after passing the truck, struck a thin coat of ice near the bridge. The ice caused the vehicle to skid into the south lane and, as the original defendant attempted to return to his proper lane, struck additional ice, lost control, and again skidded to the south lane immediately in front of the plaintiff. The two Fords struck head-on in the south traffic lane. The impact, according to the evidence, drove the plaintiff's vehicle up the road a few feet and the two vehicles came to a stop in contact with each other. As the vehicles came to rest, the bus driver, in attempting to stop, also ran onto the thin coat of ice, released his brakes to prevent skidding, and struck the rear of the plaintiff's vehicle. At the point of the collision the shoulders of the road were very narrow. A ditch three feet deep was on either side. The defendant Goss, according to his testimony, kept in the highway in order to protect the passengers in his bus.

The defendant Parsons answered, denied negligence, pleaded contributory negligence, and set up a counterclaim for his personal injury and damage to his vehicle. On his motion, the Carolina Coach Company and its bus driver, Goss, were made parties defendant for purposes of contribution.

The court submitted six issues which the jury answered as here indicated:

"1. Was the plaintiff injured and damaged by the negligence of Joseph L. Parsons, Jr., as alleged in the Complaint?

"Answer: Yes.

"2. Was the plaintiff damaged by the negligence of Leland Glenn Goss as alleged in the cross action?

"Answer: Yes.

"3. Did the plaintiff contribute to his injury and damage by his own negligence as alleged in the Answer?

"Answer: No.

"4. What amount of damages, if any, is the plaintiff entitled to recover?

"(a) For his personal injury?

"Answer: $8,308.00.

"(b) For his property damage?

"Answer: $285.00.

"5. Was Joseph L. Parsons, Jr., damaged by the negligence of the plaintiff W. B. Gatlin, Jr., as alleged in the Answer?

"Answer: No.

"6. What amount of damages, if any, is the defendant Joseph L. Parsons, Jr., entitled to recover of the plaintiff, W. B. Gatlin, Jr., on his counterclaim?

"(a) For his personal injury?

"Answer: _____.

"(b) For property damage?

"Answer: _____."

However, the court instructed the jury:

"Now the court instructs you as a matter of law that on this issue (6b) it is only submitted to you as to whether the automobile of the plaintiff was damaged as a proximate cause of the negligence of the defendant Goss. The Court is not submitting to you anything about the personal injuries as to the defendant and agent Goss and the Carolina Coach Company as the court does not deem there is any evidence that there were any personal injuries on their account, or any evidence at all from which you could find, and it is only submitted to you about any damage to the automobile, whether there was any damage to the automobile of the plaintiff as the proximate cause of the negligence of the defendant and agent Goss and Carolina Coach Company."

. Upon the jury's verdict, the court entered judgment that the plaintiff recover of Joseph L. Parsons $8,308.00 for personal injury and $285.00 for the damage to his automobile. The court further adjudged that the defendant Parsons recover of Leland Glenn Goss and Carolina Coach Company the sum of $142.50 as contribution for the damage to the plaintiff's vehicle. The judgment further provided that the additional defendants be not taxed with any part of the expert witness fees.

The defendants appealed, separately assigning errors both as to the admission of evidence and to the court's charge.

*Silas B. Casey for plaintiff appellee.*

*James B. Lovelace for defendants Goss and Carolina Coach Company, appellees.*

*James B. Lovelace for defendants Leland Glenn Goss and Carolina Coach Company, appellants.*

*Booth, Osteen, Upchurch & Fish for defendant Joseph L. Parsons, Jr., appellant.*

HIGGINS, J. The evidence is in conflict as to how closely the bus was following the plaintiff as they approached the point of collision. All the evidence, however, is to the effect that Parsons lost control of his vehicle, skidded to the left, and crashed head-on into the plaintiff's oncoming Ford. The evidence of negligence on the part of the defendant Parsons was sufficient to survive the motion for nonsuit. It was insufficient to raise any issue of negligence on the part of the plaintiff.

The plaintiff was treated by two physicians, both of whom testified to his injuries which involved his forehead, face, chest, hands, knees, and legs. Another physician, Dr. L. L. Wilkinson, a general surgeon, examined the plaintiff on October 20, 1961, more than nine months after the accident. Dr. Wilkinson described in detail his findings, in particular the scars, depressed areas, changes of major muscular textures due to injury as disclosed by scar tissues, muscular limitations, etc. The scar on the forehead was of sufficient size and of such depth as to indicate a "very sizeable blow" was necessary to create it. The plaintiff testified he had been bothered with headaches. His counsel asked Dr. Wilkinson if, in his opinion, the headaches could come from the head injury. The witness entered into a long and detailed discussion of possible brain injury, what was the probable cause of it, etc. The question was based on the head injury which the witness had described. The question was not incompetent. Much of the answer could be supported only upon a properly worded hypothetical ques-

tion based on proper factual findings. The defendants, however, did not move to strike the nonresponsive parts of the doctor's answers. Hence the objection was waived. *Gibson v. Whitton,* 239 N.C. 11, 79 S.E. 2d 196; *Edgerton v. Johnson,* 217 N.C. 314, 7 S.E. 2d 535; *Bryant v. Construction Co.,* 197 N.C. 639, 150 S.E. 122.

This case is strikingly similar to *Riddle v. Artis,* reported in 243 N.C. 668, 91 S.E. 2d 894, and 246 N.C. 629, 99 S.E. 2d 857. In the instant case, as in *Riddle,* there was a perceptible time interval between the first and the second collision. In *Riddle* there was no evidence the Morris vehicle caused or contributed to the plaintiff's injuries, though the vehicle did come in contact. Hence, the court held nonsuit proper.

In the instant case, however, the bus did strike and damage Gatlin's Ford after it and the original defendant's vehicle had come to rest in the highway. There was evidence upon which the jury could find the bus was following Gatlin too closely. The original defendant testified as they approached him from the west the bus was within 20 feet of the plaintiff's Ford. There was much evidence to the contrary by witnesses who apparently had better opportunity to observe the vehicles involved. However, the conflict in the testimony was for the jury. There was evidence the bus caused some damage to the plaintiff's Ford. This required the court to submit the issue of resulting property damage to the jury. The limitation was proper by reason of the total lack of any evidence the bus caused or contributed in any way to the plaintiff's personal injury. *Riddle v. Artis, supra.*

We have examined all assignments, and find

No error.