MARCELLA LONG v. DANIEL THOMPSON.

(Filed 11 May, 1966.)

1. **Damages § 5—**

Where the complaint alleges that, as a result of the collision, plaintiff suffered personal injuries requiring hospitalization and treatment by a physician for a long period of time, it is not error for the court to admit evidence that as a result of her injuries plaintiff lost certain time from her employment and, consequently, lost certain wages she otherwise would have earned.

2. **Negligence § 28—**

An instruction to the effect that defendant contended that plaintiff was contributorily negligent in certain respects "or some of them" and that defendant contended that such negligence solely and proximately caused the collision and not any negligence on defendant's part, *held* not to require a finding of contributory negligence conjunctively on each aspect asserted by defendant, and not subject to exception on this ground.

3. **Appeal and Error § 38—**

Assignments of error not brought forward in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

MOORE, J., not sitting.

APPEAL by defendant from *McKinnon, J.*, January 1966 Civil Session of COLUMBUS.

This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff as a result of a collision between her automobile and the pickup truck owned and driven by the defendant on 6 February 1963 upon U. S. Highway No. 701 bypass near the southern limits of the city of Whiteville.

The complaint alleges in substance that the plaintiff, driving her automobile, was following the defendant, driving his pickup truck, in a northward direction on the bypass; the defendant gave a signal for a right turn and pulled the truck entirely off the pavement onto the right shoulder, decreasing its speed; as the plaintiff approached the defendant's vehicle, the defendant suddenly and without signal of his intention to do so drove his truck back upon the pavement, directly into the path of the plaintiff's automobile, without keeping a proper lookout for oncoming traffic and without ascertaining that such movement could be made in safety; these acts and omissions of the defendant caused a collision between the two vehicles whereby the plaintiff sustained personal injuries, the negligence of the defendant being the proximate cause of such injuries.

The answer of the defendant denies negligence by him and, as a

further answer and defense, alleges that the plaintiff by her own negligence contributed to her injuries.

The jury answered the issues of negligence and contributory negligence in favor of the plaintiff and found that she was entitled to recover of the defendant $3,700. From judgment in accordance with the verdict, the defendant appeals.

Only two assignments of error are brought forward in the defendant's brief. These are:

(1)    The court erred in admitting, over objection, evidence by the plaintiff tending to show that as a result of her injuries in the collision she lost certain time from her employment and, consequently, lost certain wages she otherwise would have earned;

(2)    In stating the contentions of the defendant concerning the first issue, the court instructed the jury that the defendant contends that he was not negligent but the accident was solely the result of the negligence of the plaintiff, the court then set forth the contentions of the defendant as to the various respects in which the defendant contended the plaintiff was negligent and then said, "He contends that she was negligent in those respects or some of them, and that negligence solely and proximately caused the collision, and not any negligence on his part."

The allegations of the complaint with reference to the injuries sustained by the plaintiff are that the collision threw "the plaintiff about in said automobile wherein she was injured and damaged, receiving contusions, sprains and other personal injuries, causing her to experience great pain and suffering which resulted in her being hospitalized and being treated by a physician for a long period of time; that the plaintiff still suffers from said injuries and, upon information and belief, she alleges that her injuries, to some extent, are and will be permanent. * * * That by reason of said negligence of said defendant and on account of the injuries sustained as aforesaid, the plaintiff has been damaged by the defendant in the sum of Ten Thousand and No/100 ($10,000.00) Dollars."

*Williamson & Walton for defendant appellant.*
*Sankey W. Robinson and J. Wilton Hunt for plaintiff appellee.*

Per Curiam.    It was not error, in view of the allegations of the complaint, to permit the plaintiff to testify as to the number of days lost from her employment and the wages lost as a result thereof. *Sparks v. Holland,* 209 N.C. 705, 184 S.E. 552; *Kizer v. Bowman,* 256 N.C. 565, 124 S.E. 2d 543; 22 Am. Jur. 2d, Damages, § 282.

The court instructed the jury, "The defendant has alleged that

the plaintiff was negligent in several respects." Each of these allegations was then reviewed and the jury properly instructed concerning each. For example, the court instructed the jury, "The plaintiff, as the operator of a motor vehicle, equally with the defendant, was under a duty of keeping a reasonably careful lookout in the direction of her travel, and if she failed to look or if she failed to see upon looking what a reasonably prudent person would have seen, then she would be guilty of negligence in that respect." There was a similar instruction with reference to the allegation of following too closely, and a proper instruction with reference to the alleged failure of the plaintiff to sound her horn. The court then stated, "The defendant contends, on this first issue, that he was not negligent, but rather that it was solely the negligence of the plaintiff which caused the collision." The defendant's contentions as to what he did and as to what the plaintiff did were then reviewed and the court said, "He contends that she was negligent in those respects or some of them, and that negligence solely and proximately caused the collision, and not any negligence on his part."

The defendant assigns as error the last quoted statement on the ground that it conveyed to the jury the idea that the plaintiff had to be negligent in two or more respects before they could find against her. We do not think the jury could possibly have so construed the charge. There is no merit in this exception.

Other assignments of error set forth in the record are not brought forward in the brief and are, therefore, deemed abandoned. Rule 28 of the Rules of Practice in the Supreme Court of North Carolina. We have, nevertheless, examined each of them and find no merit therein.

No error.

MOORE, J., not sitting.