MARION YOUNG, JR. v. RUDOLPH GLENN

No. 7826SC726

(Filed 19 June 1979)

1. **Damages § 3.1— medical expenses—connection with injury—no showing of reasonableness required**

   There was no merit to defendant's contention that the trial court in a personal injury action erred in allowing plaintiff and the chiropractor who treated him to testify as to the amount of plaintiff's medical bill without requiring evidence to show that the bill was reasonable, since the chiropractor testified that, in his opinion, plaintiff's injuries could have resulted from the accident in

Young v. Glenn

question; the cost of treatment would be the natural and proximate result of defendant's negligence; and the chiropractor testified not only to the total amount of the bill, but also broke down that bill as to how much each item cost.

**2. Damages § 17.2— medical expenses—no instruction as to reasonableness—no error**

The trial court in a personal injury action did not err in failing to instruct the jury that recovery for only reasonable medical expenses should be allowed.

**3. Trial § 10.3— witness found to be expert—court's statement proper**

The trial court in a personal injury action did not err in stating that plaintiff's witness was found to be an expert in the field of chiropractic medicine.

**4. Evidence § 50.2— cause of plaintiff's symptoms—hypothetical question—chiropractor's answer not unresponsive**

There was no merit to defendant's contention in a personal injury action that an expert witness's answer to a hypothetical question as to whether the accident could have caused plaintiff's chiropractic symptoms was unresponsive, where the witness stated that the accident could have caused the injury plaintiff sustained.

APPEAL by defendant from *Walker (Ralph A.), Judge*. Judgment entered 11 May 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 26 April 1979.

Plaintiff instituted this action seeking to recover damages for personal injuries sustained on 22 March 1976 when defendant drove his car into the rear of the truck that plaintiff was driving. Plaintiff had stopped in the road to turn left when he was hit. Upon impact, he was thrown forward against the steering wheel and his head hit the windshield. Plaintiff suffered pains in his neck and back and had headaches. The next morning he went to see a chiropractor, Dr. William Carlisle, who treated him for a little over a month. His total medical bills were $251.00. Plaintiff was absent from work about a month. He suffered no permanent injuries as a result of this accident other than stiffness and soreness in the mornings.

Dr. Carlisle testified as to his training and experience. He was tendered as an expert in the field of chiropractic medicine and the court allowed him to testify as an expert. Dr. Carlisle related the symptoms experienced by the plaintiff and the tests he ran to ascertain the extent of any injury. It was Dr. Carlisle's conclusion that plaintiff had sprained his back. In response to a

hypothetical question, Dr. Carlisle stated that the accident could have caused this injury. He also testified that he charged the plaintiff $20.00 for the first examination, $50.00 for x-rays, $25.00 for a written report, and $12.00 a visit for thirteen additional visits.

Defendant presented no evidence and his motions for a directed verdict were denied. The jury found that the defendant's negligence caused plaintiff's injury and awarded damages of $3,751.00. From this verdict, defendant appealed.

*Thomas T. Downer, for plaintiff appellee.*

*George C. Collie, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first contends that the trial court erred in allowing plaintiff and Dr. Carlisle to testify as to the amount of the medical bill without requiring evidence to show that the bill was reasonable. This argument is without merit. Dr. Carlisle testified not only to the total amount of the bill, $251.00, but also broke down that bill as to how much each item cost. Defendant's reliance on *Ward v. Wentz*, 20 N.C. App. 229, 201 S.E. 2d 194 (1973), is unfounded. In *Ward*, plaintiff sought to introduce her testimony as to medical expenses sustained over nine months after the accident and after she had moved to Florida. None of the Florida doctors testified and the only evidence linking those expenses to the injury was by plaintiff, a layman. The Court held that this evidence was properly excluded because there was no medical evidence to show that the injury required this treatment in Florida. *See also Graves v. Harrington*, 6 N.C. App. 717, 171 S.E. 2d 218 (1969).

The Supreme Court distinguished *Ward* in *Taylor v. Boger*, 289 N.C. 560, 223 S.E. 2d 350 (1976). In *Taylor*, plaintiff sought to introduce evidence of medical bills incurred when she was treated in Ohio for an injury sustained and originally treated in North Carolina. Plaintiff was referred to the Ohio doctor by her doctor in this state. The trial court excluded the evidence of the treatment and its cost because there was no proper medical foundation for that testimony. The Supreme Court held that the testimony should have been allowed because there was evidence to show

that the cost of the treatment was a natural and proximate result of the negligence. The Court went on to state that a plaintiff in a personal injury case is entitled to recover damages for the injury which include "'indemnity for actual nursing and medical expenses.'" *Taylor v. Boger, supra,* at 569 (quoting *Kizer v. Bowman,* 256 N.C. 565, 576, 124 S.E. 2d 543 (1962)). *See also Sparks v. Holland,* 209 N.C. 705, 184 S.E. 552 (1936). Thus the Court in *Taylor* held that it was error to exclude the evidence of the treatment and the cost of that treatment. *See also Evans v. Stiles,* 30 N.C. App. 317, 226 S.E. 2d 843 (1976).

In the instant case, the trial court correctly allowed the plaintiff and Dr. Carlisle to testify as to the cost of the treatment. In Dr. Carlisle's opinion, the injuries which he treated were probably caused by the accident. Thus the cost of that treatment would be the natural and proximate result of defendant's negligence. This assignment of error is overruled.

[2] During the charge to the jury, the trial court gave the following instruction:

> "Medical expenses, members of the jury, is the actual amount which you find, by the greater weight of the evidence, had been paid or incurred by the plaintiff as a proximate result of the defendant's negligence for doctor's expenses."

Defendant claims that this instruction was erroneous because the court failed to instruct the jury that it could award such sums as it found were *reasonable* with respect to medical expenses. This argument is also without merit. In *Williams v. Stores Co., Inc.,* 209 N.C. 591, 184 S.E. 496 (1936), the Court approved the following instruction:

> "'Damages for personal injuries . . . include actual expenses for nursing, medical services, loss of time and earning capacity, mental and physical pain and suffering.

> 'By actual expenses for nursing and medical expenses is meant such sum as the plaintiff has expended therefor in the past, or for which she has become indebted, and such further expenses for nursing and medical services as she will, in your best judgment, based upon the evidence in this case and by the greater weight thereof, be put to in the future, which

flow directly and naturally from any injury she may be found by you to have sustained on account of the negligence of the defendants, complained of in this action.' " *Williams v. Stores Co., Inc., supra*, at 601.

*See also, Taylor v. Boger, supra.* The instruction in the present case was substantially similar and, therefore, the court did not err in failing to instruct the jury that only reasonable expenses should be allowed. This assignment of error is overruled.

[3]  Defendant next contends that the trial court erred in stating, in open court, that Dr. Carlisle was found to be an expert in the field of chiropractic medicine. Defendant argues that this was tantamount to an expression of an opinion in violation of Rule 51 of the North Carolina Rules of Civil Procedure. This argument is without merit. Dr. Carlisle was tendered as an expert witness by plaintiff and the court accepted him as such. This assignment of error is overruled.  ·

[4]  During his testimony, Dr. Carlisle was asked the following hypothetical question.

"Doctor Carlisle, assuming that the jury should find from the evidence and by its greater weight that Marion Young was involved in an automobile accident on March 22, 1976, in which he was driving a pickup truck which was smashed into the rear by another automobile and that the impact caused him to be thrown forward in his seat and into the steering wheel with his head hitting the windshield and his chest hitting the steering wheel and that he immediately felt pain in his neck and back and that he had no pain in his neck and back prior to the collision and that he went home and the next day came to see you and stated that he had a catch in his mid-low lower back area, stiffness and pain upon movement in both shoulders and neck and that you examined him and found that he did have tenderness in his neck and back, and that you x-rayed him and found that he did have tenderness with subluxation in the thoracic and lumbar spine and that you diagnosed his injuries to be a thoracic lumbar sprain and a cervical sprain and that you treated him from a period from 3-23-76 through 5-1-76 and that you released him on May 1, 1976. Now, assume that a jury should find that all of these facts are true from the greater weight of the

evidence. Do you have an opinion satisfactory to yourself based upon reasonable medical certainty as to whether or not the accident which I have just described in this question could or might have caused the chiropractic symptoms of Marion Young and the treatment necessary for Marion Young which have been described?"

Defendant contends that this hypothetical question contained facts not in issue but fails to point out which facts are contested. We find that the question was proper. Defendant also contends that Dr. Carlisle gave an unresponsive answer in stating that, in his opinion, the accident "could have caused the injury [plaintiff] sustained." Defendant argues that this answer was unresponsive because Dr. Carlisle was asked if the accident could have caused the chiropractic symptoms and he responded that the accident could have caused the injury. This argument is also without merit. We first note that no motion to strike was made to this answer. Defendant waived any exception to this answer by failing to make a timely motion to strike. *Gatlin v. Parsons*, 257 N.C. 469, 126 S.E. 2d 51 (1962). Furthermore, this argument raises only a question of semantics. This assignment of error is overruled.

Finally, defendant contends that the court erred in refusing to set aside the verdict of the jury with respect to damages. " '[T]he granting or the denying of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge.' " *Robertson v. Stanley*, 285 N.C. 561, 563, 206 S.E. 2d 190 (1974) (quoting *Hinton v. Cline*, 238 N.C. 136, 137, 76 S.E. 2d 162 (1953)). The court's ruling should not be reversed unless a clear abuse has been shown. *See Howard v. Mercer*, 36 N.C. App. 67, 243 S.E. 2d 168 (1978). We find no such abuse and affirm the trial court's denial of this motion.

Affirmed.

Judges CLARK and CARLTON concur.