GLENN C. MORROW, EMPLOYEE-PLAINTIFF v. MEMORIAL MISSION HOSPITAL, EMPLOYER-DEFENDANT

— AND —

EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, CARRIER-DEFENDANT

No. 7428IC53

(Filed 17 April 1974)

1. Master and Servant § 56— hepatitis — failure to prove cause
    The evidence was insufficient to support a finding that plaintiff hospital employee contracted infectious hepatitis while unplugging a commode in the hospital.

2. Master and Servant § 68— occupational disease — hospital employee — hepatitis
    The evidence was insufficient to show that infectious hepatitis is an "occupational disease" for a person employed as a master mechanic and acting sometimes as a plumber for a hospital.

APPEAL by defendants from an opinion and award filed 7 August 1973 by the North Carolina Industrial Commission. Argued in the Court of Appeals 19 March 1974.

Plaintiff was employed as a master mechanic by defendant, Memorial Mission Hospital. In February, 1971, he was asked to assist a fellow employee in unplugging a commode in a hospital room of the Memorial Mission Hospital. In the process of unplugging the commode, plaintiff and his co-worker employed an "electrical snake," a flexible metal cable with one end affixed to an electric motor, which, when engaged, turns the flexible cable so as to permit the loose end of the cable to burrow into the matter obstructing the passageway.

---

---

Plaintiff's evidence tended to show that while using the electrical snake, it tore the skin from the knuckles of his hands. Plaintiff testified that he became ill while cleaning the commode, that later the same evening his physical condition deteriorated, and that it became necessary to go to the emergency room of the hospital. Plaintiff was attended by a physician who prescribed medication for plaintiff. Three days later, plaintiff was admitted to the hospital and treated for hepatitis. Plaintiff was in the hospital for twelve days and lost approximately six weeks' work-time in convalescence.

Plaintiff filed a complaint contending that he contracted hepatitis while in the course of his employment, and that the disease contracted was a direct result of his injuries incurred in working with the electrical snake. Plantiff contends he is entitled to compensation and medical benefits under the North Carolina Workmen's Compensation Act.

A hearing was held before Deputy Commissioner Leake who awarded compensation to the plaintiff. On appeal to the Full Commission, the award of compensation was affirmed. Defendants appealed to this Court.

*Cecil C. Jackson for plaintiff-appellee.*

*Hedrick, McKnight, Parham, Helms & Kellam, by Philip R. Hedrick and Edward L. Eatman, Jr., for defendants-appellants.*

BROCK, Chief Judge.

Defendants contend the Commission erred in making findings of fact not based upon competent evidence, and entering conclusions of law not based upon findings of fact supported by competent evidence.

[1] Under Finding of Fact No. 4, the Commission made a finding based upon the testimony of Dr. John A. McLeod, Jr., a specialist in pathology. The Commission found that Dr. McLeod had expressed an opinion that plaintiff and his co-worker had both contracted infectious hepatitis.

In response to a hypothetical question, Dr. McLeod expressed his opinion that plaintiff *may* have contacted and become infected with hepatitis as a result of the process of unplugging the commode. Dr. McLeod distinguished infectious hepatitis, which plaintiff is alleged to have contracted, from

serum hepatitis, detailing the differences in incubation and in the methods of transmission. However, Dr. McLeod was unable to testify as to the *type* of hepatitis plaintiff had when hospitalized.

The finding of fact made by the Commission was not based upon competent evidence. There is evidence upon which a finding of fact could be made to the effect that plaintiff was admitted to the hospital and treated for hepatitis; however, the testimony of the expert witness, Dr. McLeod, is insufficient to make a finding that the hepatitis contracted was of the infectious type. Additional testimony by the expert witness detailed a variety of possibilities in which hepatitis could be contracted within the hospital itself. The evidence is insufficient to show that plaintiff, as an employee of the hospital, in the course of his employment, was routinely exposed to sources and carriers of either form of hepatitis. This assignment of error is sustained.

[2]   The Commission, in Findings of Fact Nos. 5 and 6, also found that plaintiff contracted infectious hepatitis, and classified the disease as an "occupational disease." G.S. 97-53 enumerates diseases and conditions deemed to be "occupational diseases" under Chapter 97, Workmen's Compensation Act; hepatitis is not listed among the subdivisions. G.S. 97-53 (13) does provide for:

> "[A]ny disease, other than hearing loss covered in another subdivision of this section, which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment."

"A disease contracted in the usual and ordinary course of events, which from the common experience of humanity is known to be incidental to a particular employment, is an occupational disease, . . . "

"An 'occupational disease' suffered by a servant or employee, if it means anything as distinguished from a disease caused or superinduced by an actionable wrong or injury, is neither more nor less than a disease which is the usual incident or result of the particular employment in which the workman is engaged, as distinguished from one which is caused or brought about by the employer's failure in his duty to furnish him a

safe place to work." *Duncan v. Charlotte,* 234 N.C. 86, 66 S.E. 2d 22.

Evidence presented in this case is insufficient to show that infectious hepatitis is a disease which is characteristic of and peculiar to the occupation of a master mechanic acting, sometimes as a plumber, in the course of his employment for a hospital. Therefore, the findings of fact that infectious hepatitis is an occupational disease and that plaintiff was disabled as a result of the occupational disease arising out of and in the course of his employment, were not based upon competent evidence and must be vacated.

On this record the award is vacated and the cause is remanded to the Industrial Commission for entry of an award denying compensation.

Remanded.

Judges PARKER and BALEY concur.