SUE LEE PARKS, BY HER NEXT FRIEND, ALVARO GARCIA v. JOHN WESLEY WASHINGTON AND MANGUM TRUCKING COMPANY, INC., A CORPORATION.

**AND**

WILLIAM J. FLOWE, BY HIS NEXT FRIEND, MRS. S. A. FLOWE v. JOHN WESLEY WASHINGTON AND MANGUM TRUCKING COMPANY, INC., A CORPORATION.

(Filed 11 October, 1961.)

**1. Evidence § 15; Pleadings § 29— Whether evidence was prejudicial in affecting amount of recovery was determined by court on motion to set aside verdict.**

Defendants admitted negligence but it was not clear whether such admission embraced also the element of proximate cause. *Held:* If the admission was not one of liability, evidence of defendant tort feasor's in-

toxication at the time of the injury was competent upon the issue of negligence, while if the admission was one of liability, such evidence was not necessary to prove the admitted facts, but, even so, the possibility that such evidence affected the jury's answer to the issue of damages is properly presented to the court by motion to set aside the verdict in the court's discretion, and where the court has refused such motion in the exercise of its sound discretion, the admission of the evidence will not be held prejudicial.

**2. Appeal and Error § 40—**

A new trial will not be awarded for mere technical error but only for error which is material and prejudicial so that, except for such error, a different result would likely have ensued.

**3. Damages § 15—**

Where the court gives correct instructions as to the measure of damages upon conflicting evidence as to whether plaintiff's injuries were serious and permanent or negligible and temporary, a new trial will not be awarded on exceptions to the charge, it being incumbent upon defendants, if they desired amplification, to have tendered proper request for special instructions.

APPEAL by defendants from *Sink, E.J.,* May Term 1961 of MECK-LENBURG.

These actions were instituted 8 July 1959 to recover damages for personal injuries allegedly sustained in the collision of motor vehicles on 15 May 1959. As the basis for relief plaintiffs allege in substance: They were guests in an automobile owned and operated by one Killough; defendant Washington was the driver of a motor vehicle owned by and operated for defendant Mangum Trucking Company, Inc.; the collision occurred about 8:00 p.m. on U.S. Highway 74, which is intersected by Sharon Amity Road; traffic at the intersection is controlled by standard traffic lights; the vehicle in which plaintiffs were riding was traveling westwardly; as it approached the intersection their driver was confronted with the red light; the vehicle operated by Washington, likewise traveling westwardly, ran into the rear of the automobile occupied by plaintiffs, struck it so violently as to cause plaintiffs' vehicle to overturn, resulting in serious injuries to each of plaintiffs. Plaintiffs charge that the collision was caused by the negligent acts of Washington in that:

"(a) He failed to maintain and keep a proper lookout;

"(b) He failed to keep his vehicle under control;

"(c) He failed to avoid colliding with the vehicle in which the plaintiff was riding as a passenger;

"(d) He failed to observe the vehicle in which the plaintiff was riding as a passenger;

"(e) He failed to yield the right of way to the vehicle in which the plaintiff was riding as a passenger;

"(f) He failed to give warning of the approach of his vehicle;

"(g) He drove said truck at a high, excessive, and unlawful rate of speed and at a speed that was greater than was reasonable and prudent under the circumstances and conditions then and there existing, and failed to decrease his speed when approaching an intersection, in direct violation of the North Carolina General Statutes, Sec. 20-141;

"(h) He failed to pass the vehicle in which the plaintiff was a passenger at least two (2) feet to the left thereof, in direct violation of the North Carolina General Statutes;

"(i) He operated the said vehicle upon the highways of the State of North Carolina without an operator's and/or chauffeur's license from the State of North Carolina, in direct violation of the North Carolina General Statutes, Sec. 20-7;

"(j) He drove said vehicle while under the influence of intoxicating liquor, in direct violation of North Carolina General Statutes, Sec. 20-138;

"(k) And he otherwise operated his said vehicle in a manner which he knew or in the exercise of due care should have known would be likely to endanger the property and lives of persons lawfully using said streets, in direct violation of North Carolina General Statutes 20-140."

On motion of defendants allegations of negligence charged in subsections (i) and (k) were stricken. After these portions of the complaint were stricken defendants filed joint answers. They specifically denied the allegations of negligence. They admit that Washington was the operator of a motor vehicle belonging to defendant Mangum. They do not specifically deny that Washington was, at the time of the collision, operating the motor vehicle as agent for the owner. They allege facts with respect to the operation and aver that the question of whether Washington was or was not the agent of Mangum was a question of law. They deny the allegations with respect to the injuries.

The cases were, on motion of defendants and with the consent of plaintiffs, consolidated for trial. The cases were submitted to the jury on identical issues answered identically as follows:

"1. Was the plaintiff injured and damaged by the negligence of the defendant John Wesley Washington as alleged in the complaint?

"ANSWER: Yes.

"2. Was the defendant John Wesley Washington acting as agent of the defendant Mangum Trucking Company, Inc., a corporation, as alleged in the complaint?

"ANSWER: Yes.

"3. What amount, if any, is the plaintiff entitled to recover?
"ANSWER: $5,000.00."
Judgments were entered on the verdicts and defendants appealed.

*Bailey & Booe for plaintiff appellees.*
*Kennedy, Covington, Lobdell & Hickman for defendant appellants.*

RODMAN, J.    Defendants' assignments of error are directed to (a) the admission of asserted incompetent and prejudicial evidence, and (b) the asserted insufficiency of the charge directed to the issues of damages.

The asserted incompetent evidence was directed to plaintiffs' allegation that Washington operated his motor vehicle "while under the influence of intoxicating liquor, in direct violation of North Carolina General Statutes, Sec. 20-138." At the time of the collision both motor vehicles were traveling in the direction of Charlotte and away from Monroe. Plaintiffs were, without objection, permitted to testify to physical conditions at the scene of the collision, the speed of their vehicle, the fact that it was struck from the rear and with such force as to cause it to turn over four or five times. Highway Patrolman Thomas investigated the collision. He testified to physical conditions observed by him at the scene of the collision and to statements made by plaintiffs. He was asked if he talked with Washington at the scene of the collision. Defendants objected to statements emanating from Washington. The record does not show that any reason was given for the objection at that time. At their request the court excused the jury. It heard the testimony. The witness said that he did not have a conversation with Washington at the scene of the collision but did in Charlotte. Over defendants' objection the court admitted this evidence: "Q. All right, sir, Officer Thomas, would you state whether or not the defendant, John Wesley Washington, made any statement to you in regard to his condition at the time of his wreck?" "A. He stated to me just prior to the time he left Monroe he drank a pint of Whiskey." Over defendants' objection a police officer of Charlotte was asked to describe the condition of defendant Washington when seen in Charlotte shortly after the collision. Defense counsel said: "The defendant at this point would like to interpose an objection to any further testimony he might give would be irrelevant to the issues involved in view of the stipulation made at the beginning of the case." The objection was overruled and witness answered: "He was passed out drunk . . ."

The record discloses these seemingly contradictory positions taken by defendants during the trial: (1) Having specifically denied the acts of negligence detailed in the complaint, nevertheless: "On the

coming on of the trial of these causes, Mr. A. Myles Haynes, counsel for defendants, from the firm of Kennedy, Covington, Lobdell & Hickman, appeared for the defendants, and each of them, and admitted and stipulated in open court that the defendant Washington was negligent on the occasion with reference to which these actions pertain." It is to be noted that the stipulation does not particularlize the act of negligence alleged. More important, it does not specifically concede that Washington's negligence was the proximate cause of plaintiffs' injuries, although perhaps subject to that inference. (2) At the conclusion of plaintiffs' evidence and at the close of the evidence, defendants moved for judgment as of nonsuit. Why, if the admission was intended to admit liability for injuries negligently inflicted? *Clark v. Emerson,* 245 N.C. 387, 95 S.E. 2d 880.

(3) The record does not disclose who prepared or tendered the issues. No exception was taken by defendants, however, to the submission of the first issue. If the right to recover was at issue, plaintiffs were entitled to offer evidence to support their allegations, (4) The court charged the jury that the parties had stipulated that the jury might answer the first issue "yes" in each case. No exception was taken to this charge. (5) Notwithstanding the charge, when the verdict was returned "the defendants and each of them move to set it aside as being against the greater weight of the evidence, and for a new trial, motion overruled and the defendants except. The defendants then move to set the verdict aside as being excessive and for a new trial, motion overruled and defendants except." It may well be that the seemingly contradictory positions taken by defendants misled the court and the counsel for plaintiffs with respect to the extent of the admission and that the admission did not comprehend proximate cause so as to make the admitted negligence actionable.

But treating the stipulation as an admission of liability, as portions of the record indicate it should be treated, we must determine whether the evidence was improperly received and hence a new trial should be awarded.

Clearly the evidence was competent on the first issue. If that question was not before the jury and only the question of damages was to be determined, it would have been much better and much simpler to have limited the questions referred to the jury to that single question.

It is elementary that a party is not required to offer evidence to establish that which has been judicially admitted. *Chisholm v. Hall, ante,* 374; *S. v. Powell,* 254 N.C. 231, 118 S.E. 2d 617; *S. v. Martin,* 191 N.C. 401, 132 S.E. 14. But the mere fact that immaterial evidence is received is not of itself sufficient to warrant a new trial. As said by *Faircloth,*

*C.J.,* in *Collins v. Collins,* 125 N.C. 98: "The admission of irrelevant testimony will not authorize a new trial unless it appears that the objecting party was prejudiced thereby." *Ray v. Membership Corp.,* 252 N.C. 380, 113 S.E. 2d 806; *Stathopoulos v. Shook,* 251 N.C. 33, 110 S.E. 2d 452; *In re Will of Crawford,* 246 N.C. 322, 98 S.E. 2d 29; *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 165; *S. v. Galloway,* 188 N.C. 416, 124 S.E. 745; *Deming v. Gainey,* 95 N.C. 528; *S. v. Manly,* 95 N.C. 661.

As said by *Johnson, J.,* in *Perkins v. Langdon,* 237 N.C. 159, 74 S.E. 2d 634: "Verdicts and judgments are not to be set aside for mere error and no more. To accomplish this result it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, and that a different result likely would have ensued, with the burden being on appellant to show this."

We are asked to hold as a matter of law that the evidence directed to the first issue in fact inflamed the jury and caused it to award more than fair compensation for the injuries sustained. What defendants now seek to accomplish could have been done by the trial judge as a matter of discretion, and should have been done if there was a miscarriage of justice. He was not limited to a mere question of legal right. He was expressly requested to exercise his discretion by setting aside the answers to the third issues because of the assertion that the amounts awarded were excessive. He refused to do so. His experience of more than thirty years on the bench eminently qualified him to evaluate the testimony. His service has demonstrated his learning and his desire to have litigation end in justice to all who appear before him.

Plaintiffs testified to painful injuries from which they continued to suffer until the day of the trial (a year after the collision) and from which the jury could infer the injuries were permanent. On the other hand, there was evidence from which the jury could find the injuries were negligible and in no way permanent.

What was fair compensation was, on all the evidence, a question of fact for the jury. We cannot, on this record, conclude as a matter of law that the jury, in disregard of its oath, failed to apply the rule for measuring damages as given by the court.

The rule by which damages are to be measured in cases of this character is stated in *Mintz v. R.R.,* 233 N.C. 607, 65 S.E. 2d 120. The charge conformed to the rule so stated. If defendants wished amplification of any phase, they should have given notice of their desire by proper requests.

**No error.**