JOHN HENRY MITCHEM v. LINDA HICKS SIMS AND ARTHUR THOMAS SIMS

No. 8129SC456

(Filed 19 January 1982)

**1. Evidence § 50.1— medical opinion—form of question proper**

   Where a proper foundation had been laid, asking a chiropractor's opinion of a plaintiff's disability based upon his personal examination and treatment of plaintiff, even though not phrased in the traditional form, called for an opinion based upon reasonable medical certainty and was proper.

**2. Evidence § 50.2— hypothetical question—cause of injury**

   A hypothetical question which allowed a medical expert to base his opinion in part on the medical history obtained from the patient himself was proper.

**3. Damages § 13.6—use of mortuary table**

   Where there was testimony indicating that injuries received by plaintiff in an automobile accident were permanent in nature, it was not error to admit into evidence mortuary tables found in G.S. 8-46.

**4. Damages §§ 16.4, 17.1— instructions on damages for permanent injury and future pain and suffering proper**

   The trial court did not err in instructing the jury that it could assess damages for permanent injury to and future pain and suffering of plaintiff in a personal injury action, where the evidence tended to establish a permanent injury with reasonable certainty and where the evidence was sufficient to permit a jury to find a causal connection between the automobile accident and plaintiff's present disability.

APPEAL by defendants from *Lamm, Judge.* Judgment entered 2 February 1981 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 5 January 1982.

   The appeal is from a judgment awarding plaintiff damages for personal injuries sustained in a motor vehicle collision.

   *Hamrick, Bowen, Nanney and Dalton, by Louis W. Nanney, Jr., for plaintiff appellee.*

   *John B. Whitley and George C. Collie, for defendant appellants.*

VAUGHN, Judge.

   Defendants' assignments of error arise from testimony by Dr. James L. Byers, a chiropractor who treated plaintiff for pain he was experiencing after a motor vehicle collision with defendant

Linda Sims. Defendants contend that the court erred in allowing Dr. Byers to testify as to his opinion of plaintiff's alleged disability and its causation. Defendants further argue that Dr. Byers' testimony was insufficient evidence of permanent injury to warrant the admission into evidence of mortuary tables and the court's instruction on damages for permanent injury. We find no merit in defendants' contentions.

[1]  Defendants first except to the court permitting the following testimony:

> "Q. Based upon your examination and treatment, what disability, if any, would you say John Mitchem will suffer from the injuries he related to you?
>
> A. In my opinion he will have twenty to twenty-five percent disability in his shoulder and neck region."

Defendants object to the form of the question, arguing it is not stated in terms of reasonable chiropractic certainty. They also argue that no evidence of disability had been presented which could serve as a foundation for the question.

Chiropractors are recognized as experts in their field and, when properly qualified, allowed to testify as to diagnosis, prognosis, and disability. G.S. 90-157.2; *Currence v. Hardin*, 36 N.C. App. 130, 243 S.E. 2d 172, *aff'd.*, 296 N.C. 95, 249 S.E. 2d 387 (1978). *See also* Annot., 52 A.L.R. 2d 1384 (1957). Both parties to the present action stipulated that Dr. Byers was an expert in the field of chiropractic medicine. The court, therefore, properly permitted plaintiff's question concerning Dr. Byers' opinion of disability. The traditional form of such a question is phrased in terms of an "opinion satisfactory to yourself based upon reasonable medical certainty." We conclude that the present question asking for a chiropractor's expert opinion based upon his personal examination and treatment necessarily called for an opinion based upon reasonable medical certainty. Defendant's argument raises only semantic technicalities.

Furthermore, plaintiff had laid a proper foundation prior to asking the question. Plaintiff testified that he continues to have headaches and ringing in his ears. He has trouble sleeping and must take medication. Plaintiff testified he did not have these health problems prior to the accident. Dr. Byers testified that he

examined plaintiff a month after the accident. He took x-rays showing misalignment of plaintiff's spine along his neck, rib cage section, and lower back. After one and a half months of treatment, the pain in plaintiff's lower back had subsided. At the end of 53 treatments, however, plaintiff still had limited motion and experienced pain in his shoulder and neck region. We conclude that the question of Dr. Byers was proper, and the assignment of error is overruled.

[2] Defendants next except to the admission of a hypothetical question addressed to Dr. Byers:

> "Q. Dr. Byers, if the jury should find from the evidence presented, and by its greater weight, that John Mitchem was involved in an automobile accident on November 15, 1978, that he was injured while in his truck when the truck was hit by the defendant — that the left side of his truck was hit by the left side of the defendant's car, and that his car traveled approximately twenty feet after the collision occurred and that he was knocked around in his car at the time of the collision, and that Mr. Mitchem had no problems with his neck and shoulder prior to November 15, 1978, do you have an opinion satisfactory to yourself as to whether all these ailments that he related to you could or might have been caused by this accident?"

Defendants argue that the question asks not for expert opinion but for mere speculation since it is premised on ailments as related by plaintiff to the doctor. There is no error, however, in allowing a medical expert to base his opinion in part on the medical history he obtains from the patient himself. "Statements made by a patient to his physician for the purposes of treatment . . . are 'inherently reliable'. . . ." *Booker v. Medical Center*, 297 N.C. 458, 479, 256 S.E. 2d 189, 202 (1979). This assignment of error is overruled. Defendants' arguments concerning Dr. Byers' response to the hypothetical question cannot be heard since defendants failed to make a timely motion to strike at trial or to note any exception in the record. *See Young v. Glenn*, 42 N.C. App. 15, 20, 255 S.E. 2d 596, 599 (1979).

[3] Defendant next argues that the court erred in admitting into evidence mortuary tables found in G.S. 8-46. We disagree.

It is well established that before evidence of life expectancy under G.S. 8-46 can be introduced, there must be evidence to a reasonable certainty of permanent injury. *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965); *Teachey v. Woolard*, 16 N.C. App. 249, 191 S.E. 2d 903, *cert. denied*, 282 N.C. 430, 192 S.E. 2d 840 (1972); *McCoy v. Dowdy*, 16 N.C. App. 242, 192 S.E. 2d 81 (1972).

Where plaintiff suffers from an objective injury, a jury is capable of determining whether or not the injury is permanent in nature. *Gillikin v. Burbage, supra.* Where the injury complained of is subjective, however, and of such nature that a layman cannot with reasonable certainty know whether the injury is permanent, it is necessary to have medical expert testimony. *Callicutt v. Hawkins*, 11 N.C. App. 546, 181 S.E. 2d 725 (1971).

In the present cause, plaintiff suffers from subjective pain. Evidence of his disability, however, is not limited to plaintiff's own credibility. Dr. Byers testified that from a chiropractic viewpoint, plaintiff has reached maximum recovery: "Although he has received all the treatment that I can give him that will benefit him, it is still my opinion that he has a twenty to twenty-five percent disability."

Dr. Byers never used the specific word "permanent" to describe plaintiff's injuries. His testimony, however, indicates that the lasting duration of plaintiff's disability is certain or probable. *Compare with Garland v. Shull*, 41 N.C. App. 143, 254 S.E. 2d 221 (1979). We hold there was sufficient evidence of permanent injury to sustain the introduction of mortuary tables. *See also Teachey v. Woolard, supra.*

[4] Finally, defendant argues that the court erred in instructing the jury that it could assess damages for permanent injury to and future pain and suffering of plaintiff. We disagree.

To warrant instructions permitting an award for permanent injury and future pain and suffering, there must be evidence that there is a reasonable certainty of permanent injury and future pain and suffering and that such disabilities proximately resulted from defendant's wrongful act. *Callicutt v. Hawkins, supra.*

We have already held that plaintiff presented evidence tending to establish a permanent injury with reasonable certainty. Because Dr. Byers testified that the disability in plaintiff's

shoulder and neck region was caused by limited motion and pain, we also find evidence of future pain and suffering. We next address the issue of causation. In answer to the hypothetical question set out earlier, Dr. Byers stated he did have an opinion: "In my opinion, this type of accident can cause this type of injury in the neck and shoulders." In *Smith v. Hospital*, 21 N.C. App. 380, 204 S.E. 2d 546 (1974), this Court held that "could or might have" refers to probability rather than mere possibility. By stating that a car collision such as that between plaintiff and defendant can cause injuries similar to plaintiff's, Dr. Byers presented evidence sufficient to permit a jury to find a causal connection between the 1978 accident and plaintiff's present disability. *Compare with Caison v. Cliff*, 38 N.C. App. 613, 248 S.E. 2d 362 (1978). We also note plaintiff's testimony that before the accident, he was not suffering from his current health problems. We conclude that the court properly instructed the jury on its right to assess damages for permanent injury and future pain and suffering and to consider plaintiff's life expectancy in so doing.

Affirmed.

Judges WEBB and HILL concur.