BULLOCK v. NEWMAN

[93 N.C. App. 545 (1989)]

Affirmed.

Judges EAGLES and LEWIS concur.

———————————

SANDRA A. BULLOCK, PLAINTIFF v. WILLIAM H. NEWMAN, M.D.; WILLIAM H. NEWMAN, M.D., P.A.; AND CUMBERLAND COUNTY HOSPITAL SYSTEM, INC., DEFENDANTS

No. 8812SC662

(Filed 2 May 1989)

1. **Physicians, Surgeons, and Allied Professions § 17— medical malpractice — failure to notify plaintiff of cancer — physical pain — compensable injury**

    In a medical malpractice action based upon defendant doctor's alleged failure to notify plaintiff that she had breast cancer for 87 days after he became aware of her condition, plaintiff's evidence on motion for summary judgment established a compensable injury where she presented evidence that during the 87-day interval she continued to experience physical pain which could have been eliminated or at least treated had she been notified of her cancerous condition.

2. **Physicians, Surgeons, and Allied Professions § 17— medical malpractice — failure to notify plaintiff of cancer — allegation of compensable injury**

    Plaintiff alleged the existence of a compensable injury by stating that she suffers from cancerophobia, i.e., the fear that cancer has spread to her whole body and will recur at some later date, because defendant failed for nearly three months to notify her that she had breast cancer and thus allowed her body to remain cancerous for nearly three additional months beyond the time within which the problem could have been arrested.

3. **Appeal and Error § 16— appeal by one defendant — jurisdiction to hear second defendant's summary judgment motion**

    The trial court retained jurisdiction in a medical malpractice case to hear defendant hospital's motion for summary judgment after plaintiff had taken an appeal from the court's

order granting the individual defendant's motion for summary judgment. N.C.G.S. § 1-294.

**4. Hospitals § 3— medical malpractice—failure to notify plaintiff of cancer—summary judgment for hospital**

The trial court properly entered summary judgment for defendant hospital in a medical malpractice action based on the failure to notify plaintiff that she had breast cancer for nearly three months after having become aware of her condition where the evidence showed that plaintiff's doctor received the results of a biopsy performed on plaintiff at defendant hospital eighteen days after the test was performed; there was no evidence indicating that this reporting procedure constituted any breach of duty or that there was any irregularity in the manner in which the lab work was performed; and the injury of which defendant complains occurred between the time plaintiff's doctor received the results from defendant hospital and the date he communicated them to plaintiff.

APPEAL by plaintiff from *Johnson, E. Lynn, Judge*. Orders entered 20 January 1988 and 28 March 1988 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 January 1989.

This is an action for medical malpractice based upon the allegation that defendants negligently failed to notify plaintiff that she had breast cancer nearly three months after having become aware of her condition.

*David H. Rogers for plaintiff-appellant.*

*Anderson, Broadfoot, Johnson & Pittman, by Hal W. Broadfoot, for defendant-appellee Newman.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by C. Ernest Simons, Jr., for defendant-appellee Cumberland County Hospital System, Inc.*

JOHNSON, Judge.

The physician-patient relationship between plaintiff and defendant Newman commenced in 1975 when plaintiff went to Dr. Newman to have a lump in her right breast examined. A biopsy was performed which revealed that the lump was benign. Several years passed without event until 6 January 1982 when defendant exam-

BULLOCK v. NEWMAN

[93 N.C. App. 545 (1989)]

ined plaintiff because she had noticed bleeding from the nipple of her left breast. Defendant Newman then scheduled a mammogram for 19 January 1982 which was to be performed at defendant hospital. Plaintiff was told by defendant Newman that the mammogram results were negative. Plaintiff then informed defendant Newman that her breast continued to bleed between the 6 January appointment and the 19 January mammogram. He then reexamined the breast, told plaintiff that nothing was wrong, and asked her to schedule another appointment if the bleeding continued.

Plaintiff again experienced bleeding from the same breast about two months later on 28 March 1982. This time the bleeding was accompanied by soreness and swelling. She then telephoned defendant Newman and was given an appointment for 26 April 1982. During the office visit plaintiff persuaded defendant Newman to perform a second biopsy in spite of his professional opinion that such a procedure was unnecessary. The continued pain caused plaintiff to insist on the surgery despite attempts by defendant Newman to reassure her.

Plaintiff was admitted into defendant hospital and defendant Newman performed the biopsy on 30 April 1982. A follow-up visit was made on 6 May 1982. Plaintiff's stitches were removed and she was informed, after inquiry, that the biopsy results had not been received from the hospital. After this visit plaintiff made numerous telephone calls to ask about the test results and was informed that she would be notified as soon as the results became available. She was never telephoned by defendant Newman and informed of the test results, although he received the results of the biopsy on 18 May 1982.

Plaintiff's pain persisted and she telephoned defendant Newman on 11 August 1982 after awaking in severe pain and noticing that her left breast was swollen. She was told that no appointments were available so she scheduled an appointment for 16 August 1982 with Dr. James Beyer, a physician who sometimes "covered" for defendant Newman. Plaintiff was unable to wait until the scheduled visit because the pain had become so severe. For that reason she telephoned defendant Newman on 13 August and insisted on seeing him them. She went to the office on this date and was told that she had cancer of her left breast and that a mastectomy would need to be performed at once, within one week.

A period of nearly three months elapsed between the time defendant Newman received the results of the second biopsy and the time he informed plaintiff that her left breast was cancerous. Defendant Newman admitted that he received the test results on 18 May 1982 and that plaintiff "learned the test results on 13 August 1982." On 24 August 1982 Dr. James Beyer performed a modified radical mastectomy on plaintiff's left breast. Plaintiff specifically requested that Dr. Beyer and not defendant Newman perform the surgery.

Plaintiff instituted this civil action on 9 April 1986 to recover for damages she sustained as a result of the delay in being notified that she had breast cancer. Defendant Newman filed a motion for summary judgment which was granted on 20 January 1988 dismissing plaintiff's action with prejudice. Defendant Cumberland County Hospital's motion for summary judgment was also granted, by order filed on 28 March 1988. From entry of these orders plaintiff appeals.

On appeal plaintiff presents four questions for this Court's review, two of which merit discussion and provide the grounds for our decision in this case. Plaintiff first argues that the trial court erred by granting defendant Newman's motion for summary judgment. We believe that it did.

It is well established that the standard for reviewing a motion for summary judgment is whether the pleadings, depositions, answers to interrogatories, and admissions on file, along with the affidavits submitted in support thereof show the absence of a genuine issue of any material fact, and that a party is entitled to judgment as a matter of law. *Pressman v. UNC-Charlotte*, 78 N.C. App. 296, 337 S.E. 2d 644 (1985). In negligence cases, there is a presumption against granting summary judgment. *Wilson Brothers v. Mobil Oil*, 63 N.C. App. 334, 305 S.E. 2d 40 (1983). Where the pleadings establish a valid cause of action, summary judgment should be cautiously granted in a negligence action, since it is ordinarily better left to the jury to apply a standard of care to the facts of the case. *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E. 2d 2 (1988). Thus, we evaluate this case in light of these familiar principles.

The four essential elements of a claim for relief based upon negligence are (1) a duty to conform to a certain standard of conduct; (2) a breach of that duty; (3) proximate cause; and (4) injury or damages. *Jenkins v. Theaters, Inc.*, 41 N.C. App. 262, 254

BULLOCK v. NEWMAN

[93 N.C. App. 545 (1989)]

S.E. 2d 776 (1979). Where it is shown by materials outside the pleadings that any one of the elements is absent, such as a compensable injury, summary judgment is proper. *Alltop v. Penney Co.*, 10 N.C. App. 692, 179 S.E. 2d 885 (1971).

[1] Defendant Newman contends that in this case plaintiff has failed to demonstrate that the delay in notification was the proximate cause of any alleged injury she may have suffered. The crucial question in his estimation is "whether a delay of 87 days between the time plaintiff was informed of the initial pathology results and the surgery elected by plaintiff resulted in either a detrimental change in plaintiff's overall condition or eliminated or restricted her treatment options." In our view, however, the more accurate question is whether an 87 day delay between the time defendant Newman learned of plaintiff's cancerous condition and notified her of the same so that the treatment process could begin and the severe pain occasioned thereby could be eliminated, amounts to a compensable injury. Although defendant Newman states that plaintiff has failed to show proximate cause, his argument in reality is that plaintiff has failed to demonstrate a compensable injury.

We agree with defendant Newman that there is insufficient evidence to indicate that the delay eliminated any treatment options which would have been available to plaintiff when he first became aware of her condition. However, this is where our agreement ends. There is evidence to support plaintiff's claim that during the 87 day interval she continued to experience severe physical pain which could have been eliminated or at least treated had she been notified of her cancerous condition and the treatment process commenced. During this time, plaintiff's pain remained unexplained and uncorrected. She was apprised of no available options except to continue suffering. We believe that this injury is compensable.

The recovery for personal injury proximately caused by the negligence of another includes "a reasonable satisfaction (if he be entitled to recover at all) for loss of both bodily and mental powers, or for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury." *Ledford v. Lumber Co.*, 183 N.C. 657, 659-60, 112 S.E. 421, 423 (1922). *See also King v. Britt*, 267 N.C. 594, 148 S.E. 2d 594 (1966); *Mitchem v. Sims*, 55 N.C. App. 459, 285 S.E. 2d 839 (1982); and *Thompson v. Kyles*, 48 N.C. App. 422, 269 S.E. 2d 231 (1980).

BULLOCK v. NEWMAN

[93 N.C. App. 545 (1989)]

[2] We also believe that plaintiff has alleged the existence of a compensable injury by stating that because her condition was allowed to persist throughout the delay in notification she now suffers from "cancerophobia," i.e., the fear that the cancer has spread throughout her body and will recur at some later date in the future.

> [I]t has been held or recognized in a great majority of cases that anxiety or worry about a possible future disease or condition may constitute a proper element of damages, as a component of that mental anguish accompanying physical injury generally recognized as an item for which damages are recoverable, at least if such disease or condition might reasonably be apprehended to result from the injury for which the wrongdoer is assumed to be liable.

Annotation, *Damages—Anxiety—Future Condition*, 71 A.L.R. 2d 338, 341 (1960).

Our Supreme Court has recognized such an injury as compensable in *Alley v. Pipe Co.*, 159 N.C. 327, 74 S.E. 885 (1912), where plaintiff was seriously burned by the explosion of a defectively made core which was used in his employment as a pipe molder at defendant foundry. Plaintiff's physician was allowed to testify "that the character of plaintiff's wound was such that a sarcoma, or eating cancer, was liable to ensue." *Alley* at 330, 74 S.E. at 886. The Court stated that "[w]e think the evidence competent also as tending to prove acute mental suffering accompanying a physical injury. The liability to cancer must necessarily have a most depressing effect upon the injured person. Like the sword of Damocles, he knows not when it will fall." *Id.* at 331, 74 S.E. at 886.

We find that *Alley* is conclusive on the issue of whether plaintiff's allegation that she experiences "cancerophobia" because defendant Newman allowed her body to remain cancerous for nearly three additional months beyond the time within which the problem could have been arrested, is a compensable injury. (See 71 A.L.R. 2d 338, *supra*, and 71 A.L.R. 2d Later Case Service 338-347 (1984) and Supp. (1988) for further discussion on the issue. *See also* Byrd, *Recovery for Mental Anguish in North Carolina*, 58 N.C.L. Rev. 435 (1979-80).) The reasonableness or unreasonableness of her fears is a determination which the jury should make. It is for the aforementioned reasons that we hold that the trial court committed reversible error in dismissing plaintiff's claim pursuant to defendant Newman's motion for summary judgment.

[3] By Assignment of Error number three plaintiff argues that the trial court was without jurisdiction to hear defendant hospital's motion for summary judgment, and in the alternative, that the motion was improvidently granted. We disagree on both counts.

G.S. sec. 1-294 states the following:

[w]hen an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; *but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from. . . .*

(Emphasis added.) The statutory language is quite clear and its interpretation by this Court reflects that clarity. In *Jenkins v. Wheeler*, 72 N.C. App. 363, 325 S.E. 2d 4 (1985), this Court held that the trial court committed no error in granting defendant Nationwide's motion to dismiss after plaintiff had appealed from an order granting defendant Wilson's motion to dismiss. The Court further ruled that the first order of dismissal concerned whether plaintiff had stated a cause of action against defendant Wilson only, and the second order ruled upon the sufficiency of the complaint against defendant Nationwide.

Similarly, in the case *sub judice*, the two motions to dismiss made by defendants Newman and Cumberland County Hospital were not interdependent. The court retained jurisdiction to hear defendant hospital's motion after plaintiff had taken the appeal from the order granting defendant Newman's motion for summary judgment as it was "not affected by the judgment appealed from." G.S. sec. 1-294.

[4] Having found that the court had jurisdiction to hear defendant hospital's motion, our attention shifts to the substance of the motion. The evidence before us indicates that plaintiff's biopsy was performed at defendant hospital on 30 April 1982, and that defendant Newman received the test results from the hospital on 18 May 1982, eighteen days later. No evidence before us indicates that this reporting procedure constituted any breach of duty or that there was any irregularity in the manner that the lab tests were performed. The injury of which plaintiff complains occurred between the time defendant Newman received the results from the hospital and communicated the information to plaintiff. De-

fendant hospital was uninvolved during this period and the trial court was correct in ruling that as to the hospital plaintiff has demonstrated no genuine issue of material fact.

It is for the foregoing reasons that we reverse the trial court's order as to defendants Newman, i.e., William H. Newman, M.D. and William H. Newman, M.D., P.A., and affirm the trial court's order as to defendant Cumberland County Hospital.

Affirmed in part; reversed in part.

Judges WELLS and BECTON concur.