JOHN DANIEL FERRELL v. MICHAEL REID FRYE

No. 9111SC911

(Filed 5 January 1993)

1. **Evidence and Witnesses § 233 (NCI4th); Trial § 6.1 (NCI3d) — stipulation of negligence and proximate cause — extent of injuries — accident details admissible**

    Even though defendant stipulated that he was negligent in the operation of his vehicle and that his negligence was the proximate cause of any injuries sustained by plaintiff, the trial court did not err in admitting testimony of the details of the occurrence and severity of the collision where defendant testified that he didn't recall any actual collision and attempted to prove that plaintiff's injuries were negligible.

    **Am Jur 2d, Stipulations § 8.**

    **Admission of liability as affecting admissibility of evidence as to the circumstances of accident on issue of damages in tort action for personal injury, wrongful death, or property damage. 80 ALR2d 1224.**

2. **Damages § 117 (NCI4th) — expert testimony — sufficiency to show permanency of injuries**

    Where plaintiff's two physicians testified as to their examination and treatment of plaintiff, and plaintiff testified that he continues to have pain and headaches he did not have

FERRELL v. FRYE

[108 N.C. App. 521 (1993)]

prior to an accident, opinion testimony by the physicians that "if relief of pain does not occur within 4-6 months of soft tissue injury . . . they will tend to have pain and discomfort and difficulties later on in their lives" and that plaintiff's pain was "unlikely to change in the future" and had proved to be "stable" was sufficient to show permanent injury although the phrases "more likely than not" and "more probable than not" were not used. Therefore, the trial court properly instructed the jury on the plaintiff's right to recover damages for permanent injuries.

**Am Jur 2d, Damages §§ 244, 245.**

**Sufficiency of evidence to prove future medical expenses as result of injury to head or brain. 89 ALR3d 87.**

3. **Trial § 52.1 (NCI3d) — new trial motion — excessive verdict — denial not abuse of discretion**

The trial court did not abuse its discretion in denying defendant's motion for a new trial on the ground that the jury verdict awarding plaintiff $12,500 for injuries received in a collision was excessive where plaintiff's evidence tended to show that plaintiff suffered soreness throughout his body; he continues to have pain in his neck more than two years after the accident; he has suffered daily headaches requiring medication since the accident and the headaches are likely to continue for the rest of his life; and plaintiff underwent treatment by two physicians over the course of two years, participated in physical therapy sessions, expended $944.82 in medical bills, and lost wages of more than $500.

**Am Jur 2d, New Trial §§ 393-395, 549.**

**Excessiveness or adequacy of damages awarded for injuries to head or brain, or for mental or nervous disorders. 14 ALR4th 328.**

Appeal by defendant from judgment entered 21 May 1991 by Judge A. Leon Stanback, Jr. in Harnett County Superior Court. Heard in the Court of Appeals 22 September 1992.

*Bryan, Jones, Johnson & Snow, by James M. Johnson, for defendant-appellant.*

*J. Thomas West and W. Ty Sawyer for plaintiff-appellee.*

JOHNSON, Judge.

Plaintiff-husband, John Daniel Ferrell, and wife sought to recover compensatory and punitive damages for personal injuries allegedly sustained by plaintiff on 1 January 1989 when he was involved in a collision in Benson, North Carolina. Mr. Ferrell was operating a police cruiser that was struck by a vehicle being driven by defendant, Michael Reid Frye, following a high speed chase during which plaintiff and other law enforcement officers were trying to stop and arrest defendant for traffic violations. Prior to trial, plaintiff's wife dismissed her claim for loss of consortium, and plaintiff dismissed his claim for punitive damages.

Before jury selection, defendant stipulated, through counsel, that he was negligent in the operation of his motor vehicle and that his negligence was the proximate cause of any injuries sustained by plaintiff in the 1 January 1989 accident. The case proceeded to trial only on the issue of damages. The jury returned a verdict of $12,500 for plaintiff. Defendant appeals.

On 1 January 1989, the date of the collision with defendant's vehicle, plaintiff was employed as a patrol officer with the police department in Benson, North Carolina. Defendant testified on direct examination by plaintiff's attorney that the accident occurred when he was "attempting to allude (sic) Mr. Ferrell in a high speed chase." He then stated that he did not recollect any collision actually taking place. Testimony also revealed that plaintiff attempted to block the intersection that defendant attempted to enter. Plaintiff believed the two cars were going to collide, so he drove into the adjacent parking lot where his car was struck on the right side by defendant, who had veered into the same direction as plaintiff. The impact pushed the left front tire over a concrete curb in the parking lot, punctured the tire, and caused plaintiff's car to enter the adjacent street.

Plaintiff was thrown from side to side in the car, although he was wearing his seat belt. The lap belt held the lower part of his body still, but the shoulder strap did not hold him from the waist up. Mr. Ferrell did not hit his head and had no broken bones or skin. Plaintiff became sore all over and went to see Dr. Hasham for neck and shoulder injuries and for persistent headaches. He continues to suffer from headaches and takes BC headache powders daily. Plaintiff consulted Dr. Hasham and Dr. Spanos about

his injuries and pain, participated in physical therapy and saw a chiropractor once.

Plaintiff missed time from work only to see medical care providers. His lost wages amounted to approximately $500-600, and his medical bills totaled $944.82. Mr. Ferrell also takes four BC powders per day at the cost of twenty-two cents per powder. Expert medical testimony from Dr. Spanos was that the pain and headaches experienced by plaintiff were consistent with the automobile accident being the cause of the injuries. When asked what was the reasonable probable duration of Mr. Ferrell's pain, Dr. Spanos stated that it is "unlikely to change in the future" and has proved to be "stable."

[1]    On appeal, defendant-appellant first argues that the trial court "erred in admitting testimony of the details of the accident because defendant stipulated that he was negligent and that his negligence was a proximate cause of any injuries sustained by the plaintiff, and the admission of the details of the accident was not relevant to the issue of plaintiff's damages." We disagree because we find defendant's admission to be equivocal.

North Carolina General Statutes § 8C-1, Rule 401 (1992), states that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The determination to be made in this action was the amount of damages. Therefore, any fact bearing on the degree or severity of injury sustained by plaintiff was properly admitted.

It is undisputed that before the evidence was presented, defendant admitted that he was negligent and that his negligence caused the accident. The defendant, however, attempted to prove that plaintiff's injuries were negligible and testified that "I don't recall any actual collision." Defendant went on to say that he was not denying that a collision occurred, but stated that he did not remember if there was a collision.

In light of defendant's testimony, which calls into question the occurrence of the collision, which is important in determining the severity of the injuries sustained by plaintiff, we find no error in the trial court's admission of the detailed evidence. Defendant's testimony that he did not recall the collision made relevant the

FERRELL v. FRYE

[108 N.C. App. 521 (1993)]

testimony as to events leading up to the collision and evidence of the collision itself.

Plaintiff testified that his automobile was struck by defendant's car on the right hand side, that his automobile was pushed against and over a cement gas pump island, then an additional 15 to 20 feet into the roadway after impact, and that he was thrown about the car because of the collision. He also stated that he was sore all over after the wreck and suffered from pain and headaches which he did not have before the accident.

G. R. Bain, a deputy sheriff for Johnston County and witness to the accident, testified that he was chasing defendant and was one or two car lengths behind him at the time of impact, traveling approximately forty to forty-five miles per hour. Mr. Bain then described the collision and the resulting damage to the right quarter panel of plaintiff's vehicle. He was not permitted to testify about the chase before or after the collision.

The testimony of plaintiff and Mr. Bain which was admitted into evidence was relevant in that it helped to prove that a collision occurred and that the impact therefrom was of sufficient force to cause injuries consistent with plaintiff's.

Defendant's reliance on *Davis v. Atlantic Coast Line Railroad Co.*, 145 N.C. 95, 58 S.E.2d 798 (1907), is misplaced. In *Davis*, plaintiff, who was a fireman, jumped from his train before it collided with another train. He was allowed to enter evidence showing the speed of the train immediately before it collided with the other train, and other facts "as to the effect and circumstances attending the collision." *Id.* at 96, 58 S.E.2d at 798. Although negligence was admitted in *Davis*, defendant presented evidence to minimize or negate the injuries and their cause. Defendant offered the evidence of two physicians who had examined plaintiff and believed that plaintiff had sustained no substantial injury and was feigning.

The Supreme Court allowed evidence of the circumstances of the collision because it "tended to corroborate the testimony of the plaintiff that he had in reality suffered an injury and was not feigning one." *Id.* at 97, 58 S.E.2d at 798. The fact that seventeen cars were derailed and one box car was on top of the engine was not offered to inflame the jury; it was admitted to show the reasonableness of the plaintiff's injuries. Likewise, the evidence in the case at bar, about the circumstances surrounding the col-

lision and the actual collision, was not admitted to inflame the jury. The evidence was admitted to show the fact of the injury, the proximate cause of that injury and the extent of the injury.

Defendant also cites *Parks v. Washington*, 255 N.C. 478, 122 S.E.2d 70 (1961), where the trial judge held that because the defendant's counsel's stipulation was equivocal, evidence of defendant-driver's intoxication was proper. Defendant seeks to distinguish his case from *Parks*, stating that his admission of negligence was unequivocal. We disagree, noting that here, as in *Parks*, it is unclear whether the admission also embraced the element of proximate cause. The issue of proximate cause was therefore before the jury, and evidence relating thereto was not improperly admitted or irrelevant. The jury was not improperly instructed to determine whether plaintiff's injuries were caused by plaintiff's negligence.

Moreover, even if the testimony admitted were irrelevant, a new trial would not be granted unless the objecting party was prejudiced thereby. *Parks* at 483, 122 S.E.2d at 73. In order to have the judgment set aside, defendant must show that a different result would have ensued in the absence of the evidence. *Id.* Defendant-appellant did not meet this burden.

[2] Defendant next contends that the trial court erred in admitting evidence of the permanent nature of plaintiff's injuries and in instructing the jury on plaintiff's right to recover damages for permanent injuries. Again, we disagree.

"There can be no recovery for a permanent injury unless there is some evidence tending to establish one with reasonable certainty." *Gillikin v. Burbage*, 263 N.C. 317, 326, 139 S.E.2d 753, 760 (1965). Where injuries are subjective, as in the case of pain, an expert witness must testify with reasonable medical certainty, from personal examination, knowledge of the history of the case, or from a hypothetical question, that plaintiff may be expected to experience future pain and suffering as a result of the injury proven. *Id.* at 326, 139 S.E.2d at 760-61.

In the case *sub judice*, evidence of pain was presented by Dr. Hasham and Dr. Spanos. Dr. Hasham, accepted as an expert in family medicine, took a history from plaintiff which indicated that plaintiff did not have persistent headaches prior to the accident. He testified that after the accident, and continuing into trial, plaintiff suffered from headaches and pain in his neck and shoulders.

FERRELL v. FRYE

[108 N.C. App. 521 (1993)]

Dr. Hasham further testified that the injury suffered by Mr. Ferrell was one which would cause pain. He also explained why it would cause pain and why the injury would probably cause headaches. When asked by plaintiff's attorney if he had an opinion based on reasonable medical certainty as to whether Dan Ferrell "will have problems with this injury in the future," Dr. Hasham responded that "if relief of pain does not occur within 4-6 months of soft tissue injury . . . they will tend to have pain and discomfort and difficulties later on in their lives."

By deposition, Dr. Spanos was offered as an expert in general medicine with a specialty in chronic pain. Dr. Spanos testified to the history given by plaintiff and the nature and extent of plaintiff's injuries which he observed by examination. He also described how injuries such as plaintiff's cause pain. When asked the reasonable duration of plaintiff's pain, Dr. Spanos responded that it was "unlikely to change in the future" and had proved to be "stable."

Defendant contends that the testimony offered by Dr. Hasham and Dr. Spanos was not sufficient to show evidence of permanent injury. Defendant argues that because the phrases "more likely than not" and "more probable than not" were not specifically used, the evidence of permanent injury is speculative.

*Mitchem v. Sims*, 55 N.C. App. 459, 285 S.E.2d 839 (1982), is controlling. In *Mitchem*, plaintiff asked the attending chiropractor, "Based upon your examination and treatment, what disability, if any, would you say John Mitchem will suffer from the injuries he related to you?" *Id.* at 460, 285 S.E.2d at 840. Defendant objected to the form of the question, arguing that it was not stated in terms of reasonable chiropractic certainty. This Court concluded "that the present question asking for a chiropractor's expert opinion based upon his personal examination and treatment necessarily called for an opinion based upon reasonable medical certainty. Defendant's argument raises only semantic technicalities." *Id.*

The *Mitchem* Court further held that the question asked was sufficiently phrased to show permanent injury since the chiropractor was a qualified expert and a proper foundation had been laid as to Mitchem's ongoing pain and headaches, as to examination and treatment, and as to the fact that Mitchem did not suffer from these difficulties prior to the accident. The case at bar is analogous to *Mitchem*. Dr. Hasham and Dr. Spanos were qualified experts who testified about plaintiff's treatment, and plaintiff testified

that he continues to have pain and headaches he did not have prior to the accident. *Compare Mitchem* at 460-61, 285 S.E.2d at 840. Accordingly, we find no error in the admission of the expert testimony nor in the instructions given to the jury on recovery of damages for permanent injuries.

[3]   Lastly, defendant-appellant argues that the trial court abused its discretion in denying defendant's motion for a new trial on the ground that the jury awarded excessive damages. Defendant cites no authority to support his contention.

The motion to set aside a verdict and grant a new trial is directed "to the sound discretion of the trial judge, and his decision will not be disturbed absent obvious abuse." *Globe v. Helms*, 64 N.C. App. 439, 453, 307 S.E.2d 807, 817 (1983), *disc. review denied*, 310 N.C. 625, 315 S.E.2d 690 (1984).

The record contains evidence which shows that plaintiff suffered soreness throughout his body; that he continues to have pain in his neck more than two years after the accident; that he has daily headaches which require medication; and that the headaches have continued over two years and are likely to continue for the rest of his life. The evidence also shows that he underwent treatment by two physicians over the course of two years; participated in physical therapy sessions; expended $944.82 in medical bills; and suffered an additional $500-600 in lost wages.

What is fair compensation is a question of fact for the jury. *Parks* at 483, 122 S.E.2d at 74. In the case *sub judice*, the jury set the award in light of the evidence presented. We, therefore, find no "substantial miscarriage of justice" in the denial of defendant's motion to set aside the verdict and grant a new trial. *See Globe* at 453-54, 307 S.E.2d at 817.

No error.

Judges EAGLES and PARKER concur.