CAROLYN H. CAISON v. LARRY BRYANT CLIFF AND DELMAS EDWARD BABSON

No. 785SC94

(Filed 7 November 1978)

**Damages § 16.1 — automobile accident — subsequent phlebitis — insufficient evidence of permanent injury**

     Even if testimony by plaintiff's expert medical witnesses was sufficient to permit the jury to find a causal connection between the automobile accident in question and plaintiff's subsequent phlebitis, there was no evidence which would support a finding with reasonable certainty that the phlebitis itself would be permanent so as to require the court to instruct the jury as to permanent injury and future pain and suffering where the only evidence in regard thereto was a doctor's testimony that plaintiff's phlebitis "very well could be of a permanent nature — intermittently improving and may be coming back every so often. It is very difficult to know exactly what is going to happen to this leg."

APPEAL by plaintiff from *Rouse, Judge*. Judgment entered 11 August 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 25 October 1978.

This is a civil action to recover damages for personal injuries sustained by plaintiff on 5 April 1974 when a truck driven by defendant Cliff struck the automobile in which plaintiff was riding. In a pretrial order the parties stipulated that the negligence of Cliff was the proximate cause of plaintiff's injuries and that the only issue to be submitted to the jury was as to damages. The jury awarded plaintiff $3,250.00. From judgment on the verdict, plaintiff appealed.

*Addison Hewlett, Jr., for plaintiff appellant.*

*Smith & Kendrick by Vaiden P. Kendrick for defendant appellee.*

PARKER, Judge.

The sole question presented is whether the trial judge erred in instructing the jury that there was not sufficient evidence to justify an award of damages for future pain and suffering and for failing to charge the jury as to permanent injury. We find no error.

> To warrant an instruction permitting an award for permanent injuries, the evidence must show the permanency of the injury and that it proximately resulted from the wrongful act with reasonable certainty. While absolute certainty of the permanency of the injury and that it proximately resulted from the wrongful act need not be shown to support an instruction thereon, no such instruction should be given where the evidence respecting permanency and that it proximately resulted from the wrongful act is purely speculative or conjectural.

*Short v. Chapman*, 261 N.C. 674, 682, 136 S.E. 2d 40, 46-47 (1964).

In the present case plaintiff presented the testimony of her family physician, Dr. Armistead, who testified that plaintiff had phlebitis of the right leg, that he first diagnosed this in September, 1976, almost two and a half years after the accident, and that in his opinion the injuries plaintiff received in the 5 April 1974 accident "could have been a cause of her phlebitis." Dr. Armistead expressed this opinion in response to a hypothetical question which called for his opinion "based upon a reasonable

medical probability as to whether or not the accident — collision and injury received by Carolyn Caison on April 5, 1974, could have been a competent producing cause of the condition in regard to her leg which was diagnosed as phlebitis." On cross-examination, however, Dr. Armistead testified:

> I have indicated this is a possible cause. I think that is as far as I can honestly go, and this is the extent of my opinion.

Plaintiff also presented the testimony of Dr. Dorman, an orthopedic surgeon, who had treated plaintiff during the period from June to October 1974 for the injuries she received in the 5 April 1974 accident. Dr. Dorman testified that he had discharged plaintiff on 7 October 1974, that he again saw her on 14 May 1975 at which time she still complained of bruising over the right leg but he "could not find anything objective on her" and again tried to reassure her, and that he finally saw her again on 8 August 1977, which was Monday on the week of the trial, at which time she told him she was being treated by Dr. Armistead for phlebitis of the right leg. In response to a hypothetical question, Dr. Dorman stated that in his opinion plaintiff's condition "could or might have been the result of the automobile accident." Although the hypothetical question called for Dr. Dorman's opinion based upon a reasonable medical probability, on cross-examination Dr. Dorman testified:

> I don't recall answering the question a few minutes ago that a reasonable medical probability — that this was — I do not recall that no. A reasonable medical probability to me would mean whatever you were talking about you are reasonably sure in your mind that this is what caused it. It is my opinion that the automobile accident of 1974 is only a possible cause of Mrs. Caison's thrombophlebitis. I would not say medically certainty at all. I would say that it is a possibility.

> If I answered it to a reasonable medical probability, I was in error. It could, or might be the cause or a contributing cause to the thrombophlebitis. Any of the factors that we have discussed could or might have also been a contributing factor. It is difficult to determine based on my examination and what I know about this which of these factors it could have been.

---

Caison v. Cliff

---

And it would be very difficult based on my examination and what I know about this to determine which of these factors it could have been. My opinion that it is connected with the injury is conjecture on my part.       .

On redirect examination, plaintiff's counsel asked Dr. Dorman for his opinion "as to the permanent damage" to plaintiff's leg, to which Dr. Dorman replied:

I feel that this woman has thrombophlebitis of this extremity and this very well could be of permanent nature — intermittently improving and may be coming back every so often. It is very difficult to know exactly what is going to happen with this leg.

"There can be no recovery for a permanent injury unless there is some evidence tending to establish one with reasonable certainty." *Gillikin v. Burbage*, 263 N.C. 317, 326, 139 S.E. 2d 753, 760 (1965). We find no such evidence in this case, and accordingly no instruction permitting the jury to make an award for permanent injuries was warranted. *Short v. Chapman, supra*; see Annot., 18 A.L.R. 3rd 170 (1968). Plaintiff does not contend there was any evidence of a permanent injury other than the evidence relating to her phelebitis. If it be assumed that the testimony given by her doctors on direct examination was sufficient to permit the jury to find a causal connection between the 1974 accident and plaintiff's subsequent phlebitis, an assumption which is highly questionable in view of the explanations made on cross-examination, yet there was no evidence which would support a finding with reasonable certainty that the phlebitis itself will be permanent. The only evidence to which plaintiff's counsel directs attention in this regard is the testimony above quoted of Dr. Dorman that plaintiff's thrombophlebitis "very well could be of a permanent nature — intermittently improving and may be coming back every so often. It is very difficult to know exactly what is going to happen with this leg." If the medical expert can do no more than conjecture, the jury should not be permitted to speculate. At least this is true in absence of any other evidence, and there is none in this record, which would permit the jury to forecast the future with greater certainty.

No error.

Chief Judge BROCK and Judge HEDRICK concur.