**MATTHEWS v. FOOD LION, INC.**

[135 N.C. App. 784 (1999)]

PHYLLIS T. MATTHEWS, Plaintiff v. FOOD LION, INC., Defendant

No. COA99-200

(Filed 7 December 1999)

**1. Damages and Remedies— slip and fall—instruction on permanency of injuries—sufficiency of evidence**

The trial court did not err in a slip and fall case by instructing the jury as to the permanency of plaintiff's injuries because there was sufficient evidence on both proximate cause and the permanent nature of the injuries from Dr. Ebken's testimony that: (1) plaintiff will continue to experience problems with her back for the rest of her life as a result of the fall at defendant-store; and (2) plaintiff might have experienced some permanent back pain even without the slip and fall due to her prior history of back problems, but that her fall at defendant-store will cause her additional or further back pain.

**2. Evidence— mortuary table—slip and fall—permanent injuries**

Because the Court of Appeals concluded the trial court did not err in a slip and fall case by concluding there was sufficient evidence to establish plaintiff's permanent injuries, the introduction of a mortuary table set out in N.C.G.S. § 8-46 was not error.

Appeal by defendant from judgment entered 19 August 1998 by Judge Orlando Hudson in Lee County Superior Court. Heard in the Court of Appeals 25 October 1999.

*Staton, Perkinson, Doster, Post, Silverman, Adcock, & Boone, by Norman C. Post, Jr. and Michelle A. Cumming, for plaintiff-appellee.*

*Poyner & Spruill, L.L.P., by Eric P. Stevens, for defendant-appellant.*

LEWIS, Judge.

This case arises from a slip-and-fall incident that occurred on 31 March 1997. While grocery shopping at one of defendant's stores, plaintiff slipped in a "puddle of liquid" and fell to the floor. She thereafter instituted a negligence action against defendant, claiming pain

**MATTHEWS v. FOOD LION, INC.**

[135 N.C. App. 784 (1999)]

and permanent injuries to her back, leg, and foot. From a jury verdict for plaintiff in the amount of $297,600, defendant appeals.

**[1]** Defendant first argues that the trial court erred by instructing the jury that it could award damages for permanent injury, future pain and suffering, and future medical expenses. In her complaint, plaintiff specifically sought damages for permanent injury. Defendant contends that the evidence did not warrant an instruction as to the permanency of plaintiff's injury. We disagree.

"[T]he trial court must instruct on a claim or defense if the evidence, when viewed in the light most favorable to the proponent, supports a reasonable inference of such claim or defense." *Wooten v. Warren*, 117 N.C. App. 350, 358, 451 S.E.2d 342, 347 (1994). With respect to the evidence sufficient to warrant an instruction as to permanency, our Supreme Court has made the following remarks:

> To warrant an instruction permitting an award for permanent injuries, the evidence must show the permanency of the injury and that it proximately resulted from the wrongful act with reasonable certainty. While absolute certainty of the permanency of the injury and that it proximately resulted from the wrongful act need not be shown to support an instruction thereon, no such instruction should be given where the evidence respecting permanency and that it proximately resulted from the wrongful act is purely speculative or conjectural.

*Short v. Chapman*, 261 N.C. 674, 682, 136 S.E.2d 40, 46-47 (1964). Thus, a permanency instruction is proper if there is sufficient evidence both as to (1) proximate cause and (2) the permanent nature of any injuries. There was sufficient evidence as to both requirements here.

As to the proximate cause requirement, plaintiff's expert, Dr. Ebken, testified as follows:

Q: And do you have an opinion based on a reasonable degree of medical certainty as to whether or not Ms. Matthews' fall at Food Lion on March 31, 1997, approximately caused her herniated disk and result of surgery performed by Dr. Shupeck?

A: I do and I think it did.

(Tr. at 288). As to the permanency requirement, Dr. Ebken went on to testify as follows:

MATTHEWS v. FOOD LION, INC.

[135 N.C. App. 784 (1999)]

Q: Do you have an opinion, Dr. Ebken, based on a reasonable degree of medical certainty, as to whether Ms. Matthews will continue to experience pain in her back, leg, and foot, or continue to experience problems with her back for the rest of her life as a result of injuries she sustained in her fall of March 31, 1997?

A: I do.

[Objection; overruled.]

Q: And what is that opinion, Dr. Ebken?

A: I do think it's more likely than not that she will.

(Tr. at 288-89). The fact that Dr. Ebken used the phrase "more likely than not" instead of "reasonably certain" is of no consequence. *See Pruitt v. Powers*, 128 N.C. App. 585, 589-90, 495 S.E.2d 743, 746, *disc. review denied*, 348 N.C. 284, 502 S.E.2d 848 (1998). Dr. Ebken's testimony then, when read in the light most favorable to plaintiff, did provide sufficient evidence to warrant an instruction as to permanent injury.

Defendant nonetheless points to Dr. Ebken's testimony on cross-examination regarding plaintiff's prior history of back problems unrelated to the slip-and-fall here. Defendant argues this testimony effectively nullified his testimony on direct regarding permanency and proximate cause. On cross-examination, Dr. Ebken testified:

Q: Would you agree with Dr. Shupeck that the weakening of Ms. Matthews' spine from her prior surgery contributed to the disk injury that she suffered?

A: Yes, I would.

Q: Would the weakening of Ms.—would Ms. Matthews' injury from the car accident in 1990 contribute to a history that would lead to the possibility of future back pain for Ms. Matthews?

A: I mean I think it could, probably more likely than not.

Q: More likely than not Ms. Matthews could suffer future back pain as a result of her injuries from 1990 or that would accelerate the possibility of her having future—

**MATTHEWS v. FOOD LION, INC.**

[135 N.C. App. 784 (1999)]

A: I think both; combination.

Q: So it would be true, more likely than not, that even if Ms. Matthews had not slipped and fallen at Food Lion in March of 1997, that at some point she would continue to suffer residual back pain as a result of degeneration that everyone experiences over time coupled with the particular problems that she has suffered?

A: I agree.

. . . .

Q: And that type of back pain—future back pain, permanent back pain would not be attributable to a fall at Food Lion?

A: Right.

(Tr. at 293-94). This testimony, when read in the light most favorable to plaintiff, however, did not nullify Dr. Ebken's direct testimony. Taken together, his testimony suggests that plaintiff might have experienced *some* permanent back pain even without the slip-and-fall, but that her fall will cause her *additional or further* back pain. This is to be distinguished from *Caison v. Cliff*, 38 N.C. App. 613, 248 S.E.2d 362 (1978), in which the expert on cross expressly *corrected* himself and stated, "If I answered it to a reasonable medical probability, I was in error. It could, or might be the cause or a contributing cause to the thrombophlebitis." *Id.* at 615, 248 S.E.2d at 363. This Court held that, because the expert corrected himself on cross, his testimony only raised a speculation as to causation. *Id.* at 616, 248 S.E.2d at 364. Here, however, Dr. Ebken neither corrected nor contradicted himself in his cross-examination. Accordingly, defendant's argument is without merit.

[2] Defendant next contests the introduction of the mortuary table set out in N.C. Gen. Stat. § 8-46. His argument, however, is conclusively resolved by our holding as to the first issue on permanency. Mortuary tables may be introduced to show life expectancy only if there is sufficient evidence to establish a permanent injury. *Mitchem v. Sims*, 55 N.C. App. 459, 462, 285 S.E.2d 839, 841 (1982). Because we have held that there was sufficient evidence here to establish plaintiff suffered permanent injuries, the introduction of the mortuary table was not error.

In its remaining assignments of error, defendant contests the introduction of certain testimony by Dr. Ebken. However, defendant

**MATTHEWS v. FOOD LION, INC.**

[135 N.C. App. 784 (1999)]

has not argued these assignments in its brief. Accordingly, they are deemed abandoned pursuant to N.C. Appellate Rule 28(b)(5).

No error.

Judges WYNN and MARTIN concur.